**Nollie Lee MARTIN,
Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT,
Respondent-Appellee.**

No. 84–5695.

United States Court of Appeals,
Eleventh Circuit.

Jan. 14, 1986.

Michael Mello, Capital Collateral Representative, Tallahassee, Fla., for petitioner-appellant.

Joan Fowler Rossin, Asst. Atty. Gen., Dept. of Legal Affairs, West Palm Beach, Fla., for respondent-appellee.

ON PETITION FOR REHEARING AND
SUGGESTION FOR REHEARING
EN BANC

(Opinion August 26, 1985, 11 Cir.,
1985, 770 F.2d 918).

Before GODBOLD, Chief Judge, KRAV-
ITCH and HATCHETT, Circuit Judges.

PER CURIAM:

The opinion of the court filed on August
26, 1985, is modified as follows:

The text of footnote 10 of the opinion is
hereby deleted and the following substitut-
ed:

The Supreme Court recently decided *Mil-
ler v. Fenton*, — U.S. —, 106 S.Ct.
445, 88 L.Ed.2d 405 (1985). In *Miller*,
the Court held that in considering the
voluntariness of a confession, a federal
habeas court should afford a presump-
tion of correctness to a state court's find-
ings of "subsidiary factual questions,
such as whether ... in fact the police
engaged in the intimidation tactics al-
leged by the defendant." — U.S. at
—, 106 S.Ct. at 449–51. The federal
habeas court should not, however, defer
to a state court's ultimate conclusion as
to the voluntariness of a confession. *Id.*
Our opinion in this case is consistent with
*Miller;* although we accepted the state
court's finding on the "subsidiary factual
question" of whether the police made the
promises which Martin alleged, we inde-
pendently reviewed the question of
whether the interrogation tactics used by
the police in this case resulted in Mar-
tin's will being overborne. After con-
ducting our own analysis, we concluded
that they did not. Hence *Miller* does not
affect our disposition.

The text of footnote 31 is hereby deleted
and the following substituted:

Martin argues that Zeisel's proffered tes-
timony relating to the alleged lack of
deterrent effect on the mentally ill was
"tailored to the facts and circumstances"
of his case. The gist of Zeisel's testimo-
ny was that mentally ill murderers
should not be given the death penalty
because other mentally ill persons will

not thereby be deterred from committing
murders. This testimony had nothing to
do with Martin's personal character,
record, or the circumstances of his of-
fense, the only type of evidence required
to be admitted under *Lockett.* The ef-
fect of Martin's sentence on anyone oth-
er than Martin is not *Lockett*-type evi-
dence. Moreover, the legislative goal of
deterring criminals through executions is
not simply to deter persons with the
same characteristics as the defendant
but to deter *all* potential murderers, and
the question of whether the death penal-
ty will or will not serve this goal is for
the legislature.

The petition for rehearing by the panel is
DENIED. No member of this panel nor
judge in regular active service on the court
having requested that the court be polled
on rehearing en banc, the suggestion for
rehearing en banc is DENIED.