**Bernard BALLARD,
Petitioner-Appellant,**

v.

**Willie JOHNSON, Warden,
Respondent-Appellee.**

**No. 86–7393
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 14, 1987.

Jean A. Webb, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before TJOFLAT, HILL and KRAVITCH, Circuit Judges.

HILL, Circuit Judge:

Ballard, an Alabama inmate, was convicted of first degree murder in 1970 and sentenced to life. In 1985 he filed this *pro se* habeas petition alleging that the confessions used to convict him were obtained in violation of *Miranda,* and that he was denied the right to counsel during his interrogation. Specifically, Ballard alleged that he was interrogated for approximately one hour and fifteen minutes before he was advised of his constitutional rights, and that he was denied the right to counsel because his interrogation continued even after the sheriff's department was contacted by his attorney, who insisted the interrogation cease.[1]

The material facts relating to Ballard's claims, as derived from an extensive state trial court suppression hearing, are as follows. Ballard drove up to the police station at Bayou LaBatre, Alabama at approximately 4 p.m. on October 10, 1968 and inquired about the discovery of the victim's body. He was told that Chief Investigator Thomas Deas, of the Mobile County Sheriff's Department, wanted to speak to him. He was then questioned by Deas and chief deputy Harold Donald for about twenty minutes. Ballard then allegedly asked to speak to Officer Pete Patronis, who was the uncle of the deceased. Patronis testified that he questioned Ballard alone for twenty-five or thirty minutes, during which time Ballard confessed to the killing. Another officer then entered the room, and Patronis left. Ballard then made another brief confession to the second officer. The testimony of the officers involved fixed the time of his first two confessions at roughly five o'clock.

All of the police officers present at the Bayou Labatre station testified that Ballard was advised of his rights and executed

---

1. In his habeas petition, Ballard originally claimed that his confession was obtained by coercion. Furthermore, Ballard does not make this argument in his appellate brief and it there- fore may be deemed abandoned on appeal. *Rogero v. Noone,* 704 F.2d 518, 520 n. 1 (11th Cir.1983).

a written waiver before any questioning began, *i.e.,* at around 4:00 p.m. However, the waiver that Ballard signed is dated October 10, at 5:15 p.m.

After Ballard's confession Patronis, Deas, and Donald transported Ballard to the Mobile County Sheriff's Department. They arrived there as early as 7:30 to 8:00 p.m. according to Donald's testimony, or as late as 8:45 p.m., according to Deas' testimony. When they arrived, Carl Booth, the district attorney for Mobile County, met with Deas, Patronis and Ballard and asked Ballard if he had been advised of his rights and had signed the waiver and Ballard told him yes. Ballard confessed again, this time in the presence of Patronis, Deas, District Attorney Booth and Sheriff Ray Bridges.

An attorney testified that he called the sheriff's office a few minutes after 9:00 p.m., was told that Ballard was being interrogated, stated that he wanted to speak with his client and wanted the interrogation to stop until he arrived. Ballard's attorney testified that when he arrived at the sheriff's office at approximately 9:38 p.m. Ballard and Deas were together in an office and it appeared the investigation was still in progress.

Ballard did not take the stand at the suppression hearing. There was therefore no testimony to contradict the police officers' version of the events surrounding his interrogation.

The state trial court denied the motion to suppress the confessions, finding they were "made voluntarily and with full knowledge and having properly signed a waiver." The court also concluded that Ballard's confession was obtained before the sheriff's department became aware that he was represented by counsel. On appeal, the Alabama Court of Criminal Appeals affirmed, finding that:

> Ballard was offered no reward, or inducement for the confessions; that no physical violence was committed against Ballard; that he was not told that it

would be better if he confessed; and also he was advised of his right to remain silent and to have an attorney present during the interrogations.... There was no evidence that Ballard ever asked for an attorney.

*Ballard v. State,* 51 Ala.App. 393, 286 So.2d 68, 70–71, *cert. denied,* 291 Ala. 772, 286 So.2d 72 (1973).

The magistrate to whom Ballard's petition was referred ruled that the state court's finding that Ballard gave his confessions "having properly signed a waiver" was a finding of historical fact, and was thus entitled to a presumption of correctness. The magistrate determined that Ballard failed to present convincing proof that the state court's finding was in error. Thus, Ballard's first claim failed.

With respect to Ballard's second claim, the magistrate noted that the state record was "highly confused" regarding whether the sheriff's department knew that Ballard's attorneys were attempting to contact him during the interrogation in the Mobile. However, the magistrate relied on the state appellate court finding that "[t]here was no evidence that Ballard ever asked for an attorney." He thus concluded that Ballard's failure to request counsel defeated his attack on the Mobile confessions. Over the objections of Ballard, the district court adopted the magistrate's recommendation, and dismissed his petition.[2]

Ballard argues that the state trial transcript reveals he was placed in custody at 4:00 p.m. on October 10, 1968 and interrogated until 5:15 p.m., at which time he was first advised of his rights, and signed the waiver of rights form. He therefore argues that his first two confessions should have been excluded under *Miranda.*

The state argues that the state trial court's finding, that the Bayou LaBatre confession followed the signing of the waiver of rights form, is a finding of historical fact entitled to a presumption of correctness under 28 U.S.C. § 2254(d). The state notes that all verbal testimony at the

---

2. In its answer the state moved to dismiss pursuant to Rule 9(a) of the Rules Governing § 2254 cases, on the grounds of an excessive delay in filing the petition. The district court denied the motion because the state failed to make a particularized showing of prejudice.

state trial court suppression hearing indicated the waiver was executed prior to Ballard's confession. The state acknowledges that this sequence of events is inconsistent with the time indicated on the form, itself. However, the state maintains there is no rule of law requiring the fact finder to give more credence to the written instrument than to the officer's oral testimony, and that Ballard has failed to overcome the presumption of correctness of the state court fact finding.

The Supreme Court recently held that the presumption of correctness does not apply to a state court's legal conclusion regarding the voluntariness of a confession. *Miller v. Fenton*, 474 U.S. 104, 106 S.Ct. 445, 451, 88 L.Ed.2d 405 (1985). The Court explicitly left open the question of "whether federal habeas courts must accord the statutory presumption of correctness to state court findings concerning the validity of a waiver." *Id.* at n. 3. In so doing, the Court explained that:

Of course, subsidiary questions, such as the length and circumstances of the interrogation, the defendant's prior experience with the legal process, and familiarity with the *Miranda* warnings, often require the resolution of conflicting testimony of police and defendant. The law is therefore clear that state court findings on such matters are conclusive on the habeas court if fairly supported in the record and if the other circumstances enumerated in § 2254(d) are inapplicable.

106 S.Ct. at 453.

■ In this case the validity of the waiver is not at issue, nor is the voluntariness of the confession. We are concerned instead with the timing of when Ballard received his *Miranda* warnings. This issue is a "circumstance of interrogation." The state court examined the written waiver, and heard the relevant testimony. It found that Ballard confessed "having properly signed a waiver." This conclusion is based, implicitly, on a finding that the waiver preceded the confession. It is supported by the oral testimony given at the suppression hearing, and thus is "fairly supported by the record," and due to be accorded the presumption of correctness required by 28 U.S.C. § 2254(d).

Ballard next argues that during his interrogation at the Mobile County Sheriff's office he was denied the right to counsel, because his attorneys were attempting to contact him while he was being interrogated. He claims that he was entitled to additional *Miranda* warnings, and that no interrogation should have taken place before he saw his attorney. In response the government relies on *Moran v. Burbine*, 475 U.S. 412, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986). In that case, the Supreme Court held that a suspect's confession is admissible despite an attorney's unilateral efforts to contact him during interrogation, where the suspect has voluntarily waived his *Miranda* rights. 106 S.Ct. at 1141–45. The state argues that *Burbine* is dispositive because Ballard formally waived his rights, and did not ask for an attorney.

■ In reviewing Ballard's case, the Alabama Court of Criminal Appeals specifically found that "[t]here was no evidence that Ballard ever asked for an attorney." *Ballard v. State*, 286 So.2d at 71. It also found that Ballard was advised of his rights. These factual findings, which are entitled to a presumption of correctness, are not sufficiently challenged by Ballard; thus, *Burbine* is dispositive. No constitutional violation took place.

Ballard maintains that *Burbine* does not apply because he was not properly advised of his *Miranda* rights. He asserts that he was coerced into signing the waiver, and that, even if the waiver was valid, he should have been readvised of his *Miranda* rights during the evening interrogation.

■ This position is without merit. First, we have already noted that the waiver was properly executed. Second, the district attorney testified at the state trial court suppression hearing that he specifically asked Ballard during the evening interrogation whether he had been advised of his rights, and whether he had signed the waiver form. No evidence was presented to contradict this. We held in *Martin v. Wainwright*, 770 F.2d 918, 930–31 (11th Cir.1985) *modified in unrelated part*, 781 F.2d 185 (11th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 307, 93 L.Ed.2d 281 (1986), that a suspect who was fully advised of his *Miranda* rights, and intelli-

gently waived them, did not need to be given the complete *Miranda* warnings prior to a subsequent interrogation conducted seven days later. In the instant case, Ballard's interrogation occurred on the same day and the only break in his questioning came as a result of his transportation from Bayou LaBatre to Mobile. He acknowledged to the district attorney that he had been advised of his rights earlier in the day. Accordingly, Ballard's attempt to distinguish *Burbine* is without merit.

Finally, Ballard argues that his conviction was obtained through perjured testimony and he therefore did not receive a fair trial. For example, Ballard notes that Patronis gave inconsistent testimony regarding his own criminal history. Ballard's argument merely raises issue of witness credibility or factual issues which the jury resolved against him, and does not suffice to vitiate his conviction.[3]

Because each of Ballard's arguments is without merit, the judgment of the district court denying Ballard's petition for a writ of habeas corpus is affirmed.

---

3. Ballard also argues that this Court should take note of the fact that the trial judge is presently serving time in federal prison and suggests that the judge was in conspiracy with the sheriff's department to deny him his constitutional rights. Ballard admits that he did not make this argument in the district court. Because this raises an issue of fact not raised in district court, we need not consider the argument on appeal. *United States v. Hosford,* 782 F.2d 936, n. 1 (11th Cir.1986).