**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ramon PINERO, Teddy Suarez, Defendants–Appellants.**

No. 90–5392.

United States Court of Appeals, Eleventh Circuit.

Dec. 11, 1991.

Joaquin Perez, Miami, Fla., for Ramon Pinero.

Charles G. White, Miami, Fla., for Teddy Suarez.

Dexter W. Lehtinen, U.S. Atty., Linda Collins Hertz, Dawn Bowen, Sonia O'Donnell, Asst. U.S. Attys., Miami, Fla., for U.S.

Before FAY and HATCHETT, Circuit Judges, and HILL, Senior Circuit Judge.

PER CURIAM:

Defendants-appellants, Teddy Manuel Suarez and Ramon Pinero seek reversal of their convictions for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to do the same, in violation of 21 U.S.C. § 846,[1] arguing for the first time on appeal that the jury which decided their fate was never sworn in and that, therefore, the guilty verdict rendered by the jury was a nullity.[2] For the reasons that follow, we AFFIRM.

The court record reveals that the jury was selected and impaneled on January 30, 1990. The jury was not, however, sworn in on that day. Instead, the district court decided that it would hear arguments and testimony on a late motion to suppress on February 1, 1990 and then, immediately afterwards, swear in the jury and formally begin the trial. On February 1, 1990, after deciding the outcome of the motion to suppress, the court requested that the jury be brought in. The court briefly addressed the jury before the litigants launched into opening statements and the trial began in earnest.

Absent from the record is any indication that the jury was ever administered its oath.[3] This is the basis of appellants' appeal.

---

1. Suarez was sentenced to 240 months' incarceration, to be followed by five years of supervised release. Pinero was sentenced to 151 months' incarceration, also to be followed by five years of supervised release.

2. Appellants raise seven other issues on appeal: (1) whether the district court committed reversible error by allowing the government to improperly exploit the circumstances of the case against Suarez and Pinero's wife in Lubbock, Texas; (2) whether the district court erred in failing to suppress the cocaine seized in Pinero's residence; (3) whether the search warrant used to seize the firearms in Suarez's residence was tainted by the initial warrantless entries of both appellants' residences; (4) whether the district court erred in precluding a defense witness from testifying about criminal activity by the confidential informants which was not disclosed to the government and was relevant to bias; (5) whether the district court erred in admitting the firearm found in Suarez's bedroom in the absence of any nexus between its presence there and the drug conspiracy; (6) whether the district court erred in not declaring a mistrial when the prosecutor improperly objected during appellant Suarez's closing argument that the lack of evidence presented regarding his arrest in Lubbock was the result of the court's exclusion of that evidence when proffered, when the evidence was never proffered and the court never asked to rule on its admissibility; and (7) whether the district court was clearly erroneous in concluding that Suarez was in possession of a firearm for purposes of a two-point enhancement under U.S.S.G. § 2D1.1(b)(1). An examination of the record convinces us that there is no merit in these issues.

3. A typical oath which the court would read to the jury and to which jurors would respond, "I do," is as follows:

*Oath To Try Case*
You and each of you do solemnly swear that you will well and truly try the issues herein between the _____ and _____, and a true verdict render according to the evidence and the charge of the Court, so help you God. Do each of you take this solemn oath?

We note at the outset that it is not clear from the caselaw whether juries in the federal court system are required to be sworn in.[4] Certainly, that is the standard practice. Therefore, we assume without deciding that such a requirement exists.

 Assuming the existence of such a requirement, however, does not resolve the matter. Appellants must meet their burden of proving that the jury was not sworn before being permitted to take advantage of that fact. Suarez and Pinero offer this court no affidavits from attorneys, the court reporter, or anyone else present in the courtroom on February 1, 1990 to support their assertion that the jury did not receive its oath. Instead, appellants direct our attention solely to the record. The mere absence of an affirmative statement in the record, however, is not enough to establish that the jury was not in fact sworn. In *State v. Mayfield*, 235 S.C. 11, 109 S.E.2d 716 (1959), *cert. denied*, 363 U.S. 846, 80 S.Ct. 1616, 4 L.Ed.2d 1728 (1960)—a decision with which the former Fifth Circuit expressed "full agreement" in *United States v. Hopkins*, 458 F.2d 1353, 1354 (5th Cir.1972)[5]—the Supreme Court of South Carolina held that the "[a]bsence of [an] affirmative statement in the transcript that the jury was sworn furnishes no factual support for appellant's contention that it was not. Appellant's statement that the jury was not sworn stands alone, and is, in our opinion insufficient to overcome the contrary presumption." *Mayfield*, 109 S.E.2d at 723 (citation omitted).

 In the end, then, we are left with an issue of fact—whether the district court administered the oath to the jury. This court, however, is not the appropriate body to resolve factual issues. *Waganer v. Sea-Land Service, Inc.*, 486 F.2d 955, 959 (5th Cir.1973). When the factual issue is raised

for the first time on appeal, this is especially true. *See Ballard v. Johnson*, 821 F.2d 568, 572 n. 1 (11th Cir.1987); *cf. Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976) (The general rule is that federal appellate courts do not consider issues that have not been presented to the district court. "[T]his is 'essential in order that parties may have the opportunity to offer all the evidence they believe relevant to the issues ... [and] in order that litigants may not be surprised on appeal by final decision there of issues upon which they have had no opportunity to introduce evidence (citation omitted).' "). The judgment of the district court is, therefore, AFFIRMED.[6]

---

4. Without directly addressing the issue of whether a jury must be sworn, the right of criminal defendants to have the jury receive its oath in their presence was recognized by the Sixth Circuit in *United States v. Martin*, 740 F.2d 1352, 1358–59 (6th Cir.1984). Presumably, then, the Sixth Circuit would deem the swearing of the jury a requirement.

5. Former Fifth Circuit opinions rendered prior to October 1, 1981 are binding on this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*).

6. We offer no opinion on whether this issue can be presented through some other proceeding. It is clear that it has not been properly preserved nor properly presented in this direct appeal.