[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-16432
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 86-00322-CR-FAM

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 8, 2006
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD JOSEPH,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

----------------------------------------------------------------

**(November 8, 2006)**

Before EDMONDSON, Chief Judge, TJOFLAT and BARKETT, Circuit Judges.

PER CURIAM:

Richard Joseph appeals the district court's denial of his second motion to correct an illegal sentence pursuant to Fed.R.Crim.P. 35(a).[1]  No reversible error has been shown; we affirm.

Joseph was convicted by a jury of multiple narcotics offenses that occurred between 1980 and 1986, including continuing criminal enterprise in violation of 21 U.S.C. § 848.  The district court sentenced Joseph to consecutive sentences totaling 150 years' imprisonment and to a special parole term of 12 years.  The district court also ordered that, pursuant to 18 U.S.C. § 4205(b)(1), Joseph would not become eligible for parole until after 40 years' imprisonment.[2]

---

[1] Because the offenses of which Joseph was convicted occurred before 1 November 1987, a former version of Fed.R.Crim.P. 35(a), which provides that a district court "may correct an illegal sentence at any time," applies in this case.  See Fed.R.Crim.P. 35(a) (1987).

[2] Title 18 U.S.C. § 4205(b)(1), which applied to defendants convicted of offenses committed before 1 November 1987, provided:

> Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interest of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may . . . designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than but shall not be more than one-third of the maximum sentence imposed by the court.

See United States v. Beale, 921 F.2d 1412, 1436 n.26 (11th Cir. 1991) ("Congress repealed [18 U.S.C. § 4205] by the Comprehensive Crime Control Act of 1984, effective as to crimes committed after November 1, 1987.").

After we affirmed Joseph's convictions and sentences on direct appeal and affirmed the denial of his 28 U.S.C. § 2255 motion to vacate his sentence, Joseph filed his first motion for correction of illegal sentence under Fed.R.Crim.P. 35(a), in which he argued, among other things, that (1) his 40-year minimum sentence before reaching parole eligibility exceeded one-third of the 100-year maximum sentence that could have been imposed on the parole-eligible counts of conviction, in violation of 18 U.S.C. § 4205 and (2) his sentence violated the Sentencing Reform Act, 28 U.S.C. § 994. The district court denied Joseph's Rule 35(a) motion; and we affirmed, concluding that, because Joseph already had raised the section 4205 parole eligibility issue in his direct appeal and his section 2255 motion, he could not properly raise this issue for a third time. In addition, we affirmed the district court's conclusion that the Sentencing Reform Act did not apply to Joseph's case because, among other things, Joseph was sentenced before its effective date.

Joseph then filed another Rule 35(a) motion for correction of illegal sentence, which the district court denied. In this motion, Joseph argued that, pursuant to Fed.R.Crim.P. 6(f), his indictment was invalid, which deprived the district court of jurisdiction over his case, because the record lacked evidence that the grand jury returned his indictment in open court. Joseph also re-asserted

3

arguments -- under section 4205 and the Sentencing Reform Act -- about the illegality of the district court's order requiring him to serve 40 years in prison before becoming eligible for parole.

The district court properly denied Joseph's second Rule 35(a) motion. We are not persuaded by Joseph's contention that his sentence should be vacated because the record lacks evidence that his indictment was returned in open court. See Hill v. United States, 82 S.Ct. 468, 472 (1962) (explaining that "the narrow function of Rule 35 is to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to imposition of sentence" and concluding that a sentence was not illegal because the "punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any other respect") and United States v. Morgan, 74 S.Ct. 247, 250 (1954) ("Sentences subject to correction under [Rule 35(a)] are those that the judgment of conviction did not authorize."); cf. United States v. Pinero, 948 F.2d 698, 700 (11th Cir. 1991) (rejecting defendants' argument that convictions should be vacated because of absence of indication in record that jury was sworn in and noting that "[t]he mere absence of an affirmative

statement in the record . . . is not enough to establish that the jury was not in fact sworn").

And as we have discussed, Joseph cannot properly argue again -- after raising the claim in his direct appeal, section 2255 motion, and his first Rule 35(a) motion -- that his 40-year minimum sentence before becoming eligible for parole violates 18 U.S.C. § 4205.[3] See United States v. Jordan, 429 F.3d 1032, 1035 (11th Cir. 2005) ("The law of the case doctrine bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case."). In addition, about Joseph's Sentencing Reform Act argument, we have explained that the Act does not apply to Joseph's sentence because he was convicted and sentenced for offenses that occurred before 1 November 1987. See United States v. Burgess, 858 F.2d 1512, 1514 (11th Cir. 1988) (explaining that "Congress has evinced an explicit intent that defendants who have been convicted of crimes committed prior to November 1, 1987 be sentenced under the old law [instead of the Sentencing Reform Act]"). Therefore, the district court's denial of Joseph's second Rule 35(a) motion was not reversible error.

AFFIRMED.

---

[3]To the extent that Joseph argues that the district court's order on his parole eligibility is ambiguous, we conclude that this claim is without merit.

5