[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10295
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-20796-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTON LEMAR DAMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 17, 2018)

Before TJOFLAT, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Anton Lemar Dames, a federal prisoner proceeding *pro se*, appeals the district court's omnibus order denying several motions to compel the production of documents and witnesses. After review,[1] we affirm.

Although the district court concluded it lacked subject-matter jurisdiction to entertain Dames' motions, his briefing does not address that issue. We hold *pro se* pleadings to a less stringent standard than counseled pleadings, liberally construing them "to discern whether jurisdiction to consider [a] motion can be founded on a legally justifiable base." *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991). But when a *pro se* litigant does not raise an argument in his brief, it is abandoned. *Ballard v. Johnson*, 821 F.2d 568, 569 n.1 (11th Cir. 1987). By failing to present argument regarding the district court's determination that it lacked subject-matter jurisdiction, Dames abandoned the issue on appeal.

Even if Dames had preserved the issue for appeal, we would affirm. Dames sought relief pursuant to Federal Rule of Civil Procedure 60, which allows a movant to seek relief from a final judgment or order on various grounds. Fed. R. Civ. P. 60(b). But, as the district court noted, Rule 60(b) "does not provide relief from judgment in a criminal case." *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). Federal prisoners may seek relief from their convictions and

---

[1] We review issues of subject-matter jurisdiction de novo. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (reviewing the dismissal of a Rule 60(b) motion construed as a successive 28 U.S.C. § 2254 petition).

sentences under 28 U.S.C. § 2255.  Assuming Dames was seeking relief under § 2255, he was required to seek and receive authorization from this Court.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  Dames did not do so.  *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).  Therefore, the district court did not err in concluding that it lacked subject-matter jurisdiction over Dames' motions.

**AFFIRMED.**

3