[Cite as *State v. Buckhalter*, 2024-Ohio-1986.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff- Appellee, | : | No. 113162 |
| v. | : | |
| RENDELL BUCKHALTER, SR., | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 23, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-674781-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kevin R. Filiatraut, Assistant Prosecuting Attorney, *for appellee.*

John F. Corrigan, *for appellant.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant, Rendell Buckhalter, Sr., appeals his convictions for murder and felonious assault after a jury trial. Giacumo DeSoto was shot and

killed on Signet Avenue in Cleveland, Ohio on September 29, 2022. Police developed a description of a suspect and vehicle involved. Because DeSoto was staying at a motel in Garfield Heights, Ohio, police went there to continue their investigation. When they arrived, they encountered a vehicle and suspect matching their description. A police officer attempted to stop the vehicle, but the vehicle, driven by Buckhalter, fled. After a seven-mile pursuit, Buckhalter was arrested.

{¶ 2} The trial court's docket reflects that Buckhalter's trial commenced on June 20, 2023. On June 28, 2023, the trial court filed an entry that on June 20, 2023, the "Jury [was] Impaneled and Sworn in. * * * Jury of 12 wi[t]h 2 Alternates Sworn In." In its instructions, the trial court reminded jurors that "it is your sworn duty to accept these instructions and apply the law as it is given to you." On June 26, 2023, the jury returned its verdict, with jurors signing the verdict forms for each count. The verdict forms read, in relevant part, "We, the jury in this case being duly impaneled and sworn * * *."

{¶ 3} In this appeal Buckhalter raises two assignments of error. The first reads:

> Appellant's conviction by an unsworn jury is a nullity or plain or structural error in violation of the Federal Constitution, the Constitution of the State of Ohio and R.C. 2945.28 requiring reversal.

{¶ 4} Buckhalter argues the jurors in his case were never sworn pursuant to R.C. 2945.28 and that such failure is error under both the federal and Ohio Constitutions. He cites to the absence of a notation in the transcript that the petit jury was sworn. He argues that because the trial court filed multiple journal entries

recording the trial proceedings at the conclusion of the trial, this court should disregard the court's journal entry noting the petit jury was sworn. The state argues that no error occurred because the absence of a notation in the transcript that the jury was sworn is not evidence the jury was in fact not sworn. Further, the state argues the trial court's journal entry and the jury's verdict forms record that the jury was sworn.

{¶ 5} R.C. 2945.28 requires that in criminal cases, jurors shall take an oath that each "will diligently inquire into and carefully deliberate all matters between the State of Ohio and the defendant" and do so to the best of his or her "skill and understanding, without bias or prejudice." In *E. Cleveland v. Waters*, 8th Dist. Cuyahoga No. 91631, 2009-Ohio-3591, this court was presented with a case where the transcript of proceedings did not reflect that the jury was sworn pursuant to R.C. 2945.28. Our court found the appellant did not show error occurred by simply presenting a transcript on appeal that did not note the jury to be sworn. In so doing, we found that an appellant, when claiming a jury was not sworn prior to the commencement of trial, has the burden of showing error occurred. *Id*. at ¶ 14, citing *United States v. Pinero*, 948 F.2d 698 (11th Cir.1991). In *Pinero*, the Eleventh Circuit Court of Appeals found that "[t]he mere absence of an affirmative statement in the record, however, is not enough to establish that the jury was not in fact sworn." *Id*. at 700, citing *State v. Mayfield*, 235 S.C. 11, 109 S.E.2d 716 (1959).

{¶ 6} Although the transcript of proceedings in this case does not record that the petit jury was sworn, the trial court's journal entry states the jurors were

sworn.[1]  "It is axiomatic that '[a] court speaks through its docket and journal entries.'" *State v. Scott*, 2023-Ohio-370, 208 N.E.3d 378, ¶ 35 (8th Dist.), quoting *State v. Deal*, 8th Dist. Cuyahoga No. 88669, 2007-Ohio-5943, ¶ 54.  Further, the record indicates the trial court reminded the jury of its sworn duty in its instructions and the jurors signed verdict forms indicating they were duly sworn.  Accordingly, Buckhalter did not meet his burden to establish that the jury was not sworn in.

{¶ 7} The first assignment of error is overruled.

{¶ 8}  Buckhalter's second assignment of error reads:

The trial court erred to appellant's prejudice in not allowing the jury to hear evidence that appellant's flight may have been consciousness of guilt for an outstanding warrant in an unrelated case.

{¶ 9}  During trial, at the end of the cross-examination of Cleveland Police Detective Andrew Hayduk, the following occurred:

Defense Counsel:  And finally, when you investigated Mr. Buckhalter, did you look to see if he had any active warrants or not?

Prosecutor   Objection.  Can we approach?

The Court:   You may.

(Thereupon a sidebar was held off the record.)

Defense Counsel:  Judge, I'll withdraw that.
Thank you, Detective.
Thank you, your honor.

---

[1] Buckhalter argues the trial court's journal entry stating the jury was sworn in was not filed contemporaneously and is thus suspect.  However, he supplies no citation to either the Ohio Revised Code or precedent that would require a trial court to file journal entries on the same day of the events being recorded.

{¶ 10} Buckhalter's second assignment of error is predicated upon his belief that the trial court did not allow the question about outstanding warrants to be answered. He argues that because he could not present evidence of other warrants, he was prevented from arguing to the jury that his flight from police was for a reason other than a consciousness of guilt for having shot and killed DeSoto. However, trial counsel withdrew the question about warrants and the trial court did not rule on the state's objection. Thus, the trial court did not prevent Buckhalter from presenting evidence regarding outstanding warrants. Because Buckhalter's argument under his second assignment of error is predicated upon a ruling that was never made by the trial court, we overrule the second assignment of error.

{¶ 11} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MICHAEL JOHN RYAN, J., CONCUR