[Cite as *State v. Hartley* , 2014-Ohio-5300.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 14AP-29 |
| v. | : | (C.P.C. No. 10CR-3067) |
| Calin Hartley, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on November 28, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellant.

*Timothy Young*, Ohio Public Defender, and *Brooke M. Burns*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, State of Ohio ("the state"), appeals the December 12, 2013 judgment of the Franklin County Court of Common Pleas vacating the conviction of defendant-appellee, Calin Hartley ("appellee"). For the reasons that follow, we reverse and remand the judgment of the trial court.

I. Facts and Procedural History

{¶ 2} On May 21, 2010, a Franklin County Grand Jury indicted appellee on one count of failure to provide notice of change of address in violation of R.C. 2950.05, a felony of the fourth degree. The indictment provided that appellee's duty to register his new address with the office of the Franklin County Sheriff arose from his prior judgment of conviction for importuning in violation of R.C. 2907.07, a felony of the fourth degree,

which was entered on July 8, 2009 in the Juvenile Division of the Court of Common Pleas of Vinton County, Ohio. The July 8, 2009 entry/order attached to appellee's motion to vacate reflects that, at sentencing, the court classified appellee as a Tier I sex offender with registration requirements for ten years. Although the entry/order does not reflect the same, appellee states that the classification was made pursuant to Am.Sub.S.B. No. 10, Ohio's version of the federal Adam Walsh Act ("AWA"), which governed classification and reporting requirements for sex offenders effective January 1, 2008.

{¶ 3} On September 9, 2010, the trial court filed a judgment entry reflecting that appellee entered a plea of guilty to the indictment for failure to provide notice as charged. The trial court accepted appellee's guilty plea, found him guilty, and imposed a period of community control under intensive supervision for five years, including a requirement that appellee undergo sex-offender and mental health counseling. On July 1, 2011, the trial court filed a judgment entry finding that appellee violated the terms of his community control and imposing upon appellee 17 months' determinate sentence at the Ohio Department of Rehabilitation and Correction and an optional period of three years of post-release control upon release.

{¶ 4} On November 22, 2013, appellee filed a motion to vacate his conviction or, in the alternative, a motion for relief from judgment, pursuant to Civ. R. 60(B). Appellee informed the court that the Ohio Attorney General removed appellee from Ohio's sex-offender registrant database due to the Supreme Court of Ohio's decision in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374. Therefore, appellee asserted that his underlying conviction for importuning was void and that, as a result, his September 9, 2010 conviction for failure to provide notice must be vacated. On December 6, 2013, the state filed a memorandum contra appellee's motion. On December 12, 2013, the trial court vacated appellee's conviction for failure to provide notice and terminated appellee's community control. On March 31, 2014, upon the state's request, we granted the state leave to appeal pursuant to App.R. 5(C).

## II. Assignments of Error

{¶ 5} The state appeals, assigning the following five errors for our review:

> [I.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ADOPTING DEFENDANT'S CONTENTION

THAT HIS UNTIMELY RETROACTIVE-LAW CHALLENGE TO HIS TIER I CLASSIFICATION RENDERED THE CLASSIFICATION AND RESULTING CHANGE-OF-ADDRESS CONVICTION "VOID."

[II.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO APPLY RES JUDICATA TO BAR DEFENDANT'S UNTIMELY RETROACTIVE-LAW CHALLENGE.

[III.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT THE DECISION IN *STATE v. WILLIAMS*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, APPLIED TO DEFENDANT'S LONG-FINAL CONVICTION.

[IV.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO FIND THAT DEFENDANT'S GUILTY PLEA BARRED HIS UNTIMELY RETROACTIVE LAW CHALLENGE.

[V.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO TREAT DEFENDANT'S "MOTION" AS A TIME-BARRED POST-CONVICTION MOTION.

{¶ 6} Before considering the merits of the state's assignments of error, we must address a preliminary issue raised by this appeal. Here, although they dispute whether the trial court was correct in vacating the conviction for failure to provide notice, both the state and appellee proceed from the assumption that the trial court did so on the basis that his underlying sex-offender classification and registration requirements arising therefrom were void due to unconstitutional retroactive application of law pursuant to the holding of the Supreme Court of Ohio in *Williams*. *See* Appellee's Brief at 29 ("Mr. Hartley's void classification cannot serve as the predicate for his failure-to-notify conviction. * * * Thus his failure-to-notify conviction was void."), and Appellant's Brief at 48 ("[T]he State does not concede that a retroactive-law violation has been shown beyond a reasonable doubt in this case."). Thus, before considering whether the trial court erred in vacating appellee's conviction for failure to notify, we must review whether the trial court determined that the sex-offender classification and registration requirements underlying appellee's subsequent conviction for failure to notify was void due to unconstitutional retroactive application of law. If we determine that the court made such

a determination, we must determine whether the court erred in doing so as outlined in the state's first, second, third, and fourth assignments of error. The state's fifth assignment of error challenges the procedure used by appellee to request vacation of his conviction for failure to register.

{¶ 7} The December 12, 2013 entry of the trial court states, in its entirety, the following: "Based on the Motion to Vacate or in the Alternative for Relief from Judgment and the reasons outlined therein, Calin Hartley's conviction for failure to register is hereby vacated. It is further ordered that Mr. Hartley's community control and all fees, fines, and court costs associated with this matter are hereby terminated." The entry does not expressly state, and the record does not reflect, a separate finding that the trial court recognized appellee's underlying sex-offender classification and registration requirements as void. Further, the entry does not cross-reference a separate case in which another court, in Vinton County or otherwise, made such a determination of void.

{¶ 8} Appellee states in his brief that he did not ask the court to find his Tier I sex-offender classification void. He asserts, rather, that *Williams* accomplished that. (Appellee's Brief at 4.) The state refutes appellee's contention that *Williams* rendered appellee's classification void. The trial court did not expressly address the same and did not expressly make a determination as to whether appellee's underlying classification was void.

{¶ 9} The trial court granted the motion to vacate based on the motion "and the reasons outlined therein." From this notation, this court might infer that the trial court implicitly accepted appellee's assertion that his Tier I sex-offender classification is void per *Williams* and that the court was persuaded by appellee's arguments that this case is analogous to *State v. Alredge*, 2d Dist. No. 24755, 2012-Ohio-414, and *State v. Lilly*, 8th Dist. No. 98905, 2013-Ohio-3616. This court might further infer that, in so doing, the trial court implicitly rejected many of the state's arguments presented in his first, second, third, and fourth assignments of error. This is not entirely clear, however, given the brief and conclusory statement in the trial court's entry. Although conclusory findings by a trial court do not necessarily constitute error, here, it would be difficult for this court to conduct a meaningful review of the court's determination. *Cross v. A-Best Products Co.*, 8th Dist. No. 90388, 2009-Ohio-2039, ¶ 22 ("Although conclusory findings by a trial

court do not necessarily constitute error, for an appellate court to conduct a meaningful review, sufficiently detailed reasoning should be specified in the trial court's order.") Furthermore, neither appellee in his motion to vacate, nor the trial court in its entry, addressed the state's procedural argument in the fifth assignment of error that appellee could not pursue vacation of the conviction for failure to register pursuant to Civ.R. 60(B).[1]  This court declines to address this in the first instance.

{¶ 10} Therefore, at this time, we remand this case to the trial court to consider arguments set forth by the state in its memorandum contra in the first instance in order to enable this court's meaningful review.

## III. Disposition

{¶ 11} For the reasons stated above, we reverse and remand this matter to the Franklin County Court of Common Pleas for further proceedings in accordance with law and consistent with this decision.

*Case reversed and remanded.*

SADLER, P.J., and O'GRADY, J., concur.

_____

---

[1] The state argues the only way to attack the conviction for failure to register would be via a petition for postconviction relief.  We are also aware of cases involving motions to withdraw a plea pursuant to Crim.R. 32.1.  See *State v. Faranda*, 8th Dist. No. 96807, 2011-Ohio-6083.