[Cite as *State v. Hartley*, 2016-Ohio-2854.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 15AP-192 |
| v. | : | (C.P.C. No. 10CR-3067) |
| Calin L. Hartley, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on May 5, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellant. **Argued:** *Steven L. Taylor*.

**On brief:** *Timothy Young*, Ohio Public Defender, and *Brooke M. Burns*, for appellee. **Argued:** *Brooke M. Burns*.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas granting a motion filed by defendant-appellee, Calin L. Hartley, to vacate his conviction for failure to provide notice of change of address, in violation of R.C. 2950.05. Because we conclude that the trial court did not abuse its discretion by granting the motion to vacate, we affirm.

I. Facts and Procedural History

{¶ 2} On May 21, 2010, a Franklin County Grand Jury indicted appellee on one count of failure to provide notice of change of address, a fourth-degree felony, in violation of R.C. 2950.05. The indictment asserted that appellee was subject to a change of address notification requirement pursuant to a conviction for importuning entered by the Vinton County Court of Common Pleas, Juvenile Division ("Vinton County juvenile court"), on

July 8, 2009. On July 13, 2010, appellee entered a plea of guilty to the charge of failure to provide notice of change of address, and the trial court subsequently issued a judgment entry convicting appellee of that charge and imposing a 5-year period of community control under intensive supervision, including a requirement that appellee undergo sex offender and mental health counseling. Appellee's probation officer filed a request for revocation of probation on May 23, 2011, asserting that appellee violated the terms of his community control. The trial court issued a judgment entry on July 1, 2011, revoking appellee's community control and imposing a sentence of 17 months of imprisonment. The judgment entry further indicated that, on release, appellee would be subject to an optional period of 3 years of postrelease control and that he would be subject to imprisonment for up to 9 months if he violated postrelease control.

{¶ 3} On November 22, 2013, appellee filed a motion to vacate his conviction or, in the alternative, for relief from judgment under Civ.R. 60(B). Appellee asserted that the Ohio Attorney General had removed him from Ohio's sex offender registration database pursuant to the Supreme Court of Ohio's decision in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374. Appellee claimed that his sex offender classification was void and, therefore, that his conviction for failure to notify must be vacated. The state filed a memorandum contra asserting that appellee's motion should be denied. On December 12, 2013, the trial court issued a judgment entry granting the motion to vacate and terminated appellee's community control. The state requested leave to appeal the trial court's decision to this court, which we granted. We concluded that the trial court's judgment entry, which indicated that it granted the motion to vacate based on the motion "and the reasons outlined therein" failed to establish whether the trial court considered the arguments asserted in the state's memorandum contra the motion to vacate. *State v. Hartley*, 10th Dist. No. 14AP-29, 2014-Ohio-5300, ¶ 9. We declined to address the state's arguments in the first instance and remanded the case to the trial court to consider the arguments contained in the state's memorandum contra. *Id.* at ¶ 10. On remand, the trial court issued a decision granting appellee's motion to vacate and setting forth its reasons for granting the motion.

## II. Assignments of Error

{¶ 4} The state appeals from the trial court's judgment, assigning five errors for this court's review:

> [I.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ADOPTING DEFENDANT'S CONTENTION THAT HIS UNTIMELY RETROACTIVE-LAW CHALLENGE TO HIS TIER I CLASSIFICATION RENDERED THE CLASSIFICATION AND RESULTING CHANGE-OF-ADDRESS CONVICTION "VOID."
>
> [II.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO APPLY RES JUDICATA TO BAR DEFENDANT'S UNTIMELY RETROACTIVE-LAW CHALLENGE.
>
> [III.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT THE DECISION IN *STATE v. WILLIAMS*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, APPLIED TO DEFENDANT'S LONG-FINAL CONVICTION.
>
> [IV.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO FIND THAT DEFENDANT'S GUILTY PLEA BARRED HIS UNTIMELY RETROACTIVE-LAW CHALLENGE.
>
> [V.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO TREAT DEFENDANT'S "MOTION" AS A TIME-BARRED POST-CONVICTION PETITION.

## III. Discussion

### A. Standard of Review

{¶ 5} We begin our review of this appeal by considering the proper standard of review for the trial court's decision. Appellee's motion was captioned as a motion to vacate his conviction or, in the alternative, for relief from judgment pursuant to Civ.R. 60(B). The Ohio Rules of Criminal Procedure do not expressly provide for a motion to vacate a conviction; however, "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12. Pursuant to R.C.

2953.21, a person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the state or federal constitution may file a petition asking the court to vacate or set aside the judgment or sentence. R.C. 2953.21(A)(1)(a). In this case, appellee's motion asserted that the trial court was required to vacate his failure to notify conviction because the underlying sex offender classification that formed the basis for that conviction was unconstitutional and void. Accordingly, we will construe appellee's motion to vacate his conviction as a petition for postconviction relief. *See State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997) ("[W]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.").

{¶ 6} We review a trial court's decision on a petition for postconviction relief for abuse of discretion. *State v. Sidibeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 7. An abuse of discretion occurs where the trial court's determination is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). As discussed more fully herein, appellee's petition required the trial court to determine whether appellee's sex offender classification and subsequent failure to notify conviction were void. The determination of whether a judgment is void is a question of law. *See Blaine v. Blaine*, 4th Dist. No. 10CA15, 2011-Ohio-1654, ¶ 19 ("The determination of whether a judgment is void presents a question of law."); *State v. Jones*, 9th Dist. No. 26854, 2013-Ohio-3710, ¶ 6 (quoting *Blaine*). We review questions of law under the de novo standard of review. *See State v. Blake*, 10th Dist. No. 10AP-992, 2011-Ohio-3318, ¶ 17.

**B. Determination that Failure to Notify Conviction was Void**

{¶ 7} The state's main argument is that the trial court erred in concluding that appellee's failure to notify conviction was void and, therefore, abused its discretion by granting appellee's motion. Appellee argued that both the failure to notify conviction and the underlying Tier I sex offender classification that formed the basis for that conviction were void. Although the Vinton County juvenile court's judgment was not subject to

direct review by the trial court, the arguments set forth in appellee's motion required the trial court to consider the validity of appellee's classification. "Any court in any jurisdiction certainly has the right to decline to recognize the validity of a void judgment of any other court." *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, ¶ 46. Ultimately, the trial court concluded that appellee's classification as a Tier I sex offender was void pursuant to the *Williams* decision. Therefore, before considering whether the trial court abused its discretion in granting the motion to vacate appellee's failure to notify conviction, we must address whether the trial court erred in determining that appellee's sex offender classification was void.

### 1. <u>Validity of Underlying Sex Offender Classification</u>

{¶ 8} In the first assignment of error, the state asserts the trial court erred by holding that appellee's Tier I sex offender classification and his conviction for failure to notify were void. In the third assignment of error, the state asserts the trial court erred by concluding that *Williams* applied to appellee's Tier I sex offender classification. To the extent that the first and third assignments of error both address the trial court's conclusion that appellee's classification as a Tier I sex offender was void, we will address them together.

{¶ 9} Sex offender registration laws are not a recent development in Ohio—in 1963, the General Assembly created a designation of "habitual sexual offender" for individuals convicted two or more times of specified crimes and imposed registration and change of address notification duties on those individuals. Am.S.B. No. 160, 130 Ohio Laws 669-71. In 1996, the General Assembly enacted Ohio's version of the federal "Megan's Law" legislation, which created a comprehensive registration and classification system for sex offenders. *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, ¶ 6-7. Under Megan's Law, a sentencing court was required to determine whether a sex offender fell into one of three classifications: (1) sexually oriented offender, (2) habitual sex offender, or (3) sexual predator. *State v. Cook*, 83 Ohio St.3d 404, 407 (1998). Megan's Law also included registration and address verification provisions, as well as community notification provisions. *Id.* at 408-09. In 2007, the General Assembly further amended the law, enacting Senate Bill No. 10 ("S.B. No. 10"), the Ohio version of the federal "Adam Walsh Act." *Bodyke* at ¶ 20. S.B. No. 10, which went into effect on January 1, 2008,

imposed a three-tiered sex offender classification system, based solely on the offense committed. *Id.* at ¶ 21. It also modified the registration, address verification, and community notification provisions related to each type of sex offender. *Id.* at ¶ 23-28.

{¶ 10} The Supreme Court of Ohio subsequently found several portions of the sex offender classification system under S.B. No. 10 to be unconstitutional, either on their face or as applied to certain defendants. In *Bodyke*, the court held unconstitutional provisions requiring the attorney general to reclassify sex offenders under S.B. No. 10 whose classifications had already been adjudicated by a court and made the subject of a final order under Megan's Law. *Id.* at ¶ 60. In July 2011, the Supreme Court released its decision in *Williams*, which held that applying the sex offender classification system under S.B. No. 10 to individuals who committed their crimes prior to enactment of that law violated the constitutional prohibition against retroactive laws. *Williams* at ¶ 20. It is within this context of the development and evolution of sex offender classification laws that we consider the particular details of appellee's classification.

{¶ 11} In this case, appellee's motion to vacate included a copy of an order issued by the Vinton County juvenile court on July 8, 2009 adjudicating appellee a delinquent child and classifying him as a Tier I sex offender. The order indicated that the court conducted a review hearing on July 6, 2009, shortly before appellee's 21st birthday, for the purpose of determining whether appellee should be classified as a sexual offender subject to reporting requirements. The order further indicated that appellee had previously admitted to one charge against him on May 1, 2006. At the July 6, 2009 hearing, appellee's counsel, the prosecuting attorney, and the juvenile court judge reviewed recordings of the 2006 adjudicatory and dispositional hearings. Following that review, the court permitted appellee to withdraw his 2006 admission based on the court's conclusion that appellee may not have been fully advised of his rights during the prior proceedings. After the court vacated appellee's prior pleas, appellee denied the count of gross sexual imposition and admitted to the count of importuning. Pursuant to the state's request, the court dismissed the gross sexual imposition charge; the court then accepted appellee's admission to the importuning charge. The court adjudicated appellee a delinquent child and classified him as a Tier I sex offender with a ten-year registration requirement. The order indicated that appellee would be released from custody of the

Department of Youth Services on his 21st birthday, July 28, 2009. Appellee also attached to his motion a copy of a letter he received from the Attorney General dated August 14, 2013, informing him that he no longer had a duty to register as a sex offender in Ohio.

{¶ 12} The *Williams* decision held that "S.B. 10, as applied to Williams *and any other sex offender* who committed an offense prior to the enactment of S.B. 10, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from enacting retroactive laws." (Emphasis added.) *Id.* at ¶ 21. As we have previously noted, "[i]n applying *Williams*, Ohio appellate courts have held that a retroactive classification of a sex offender under S.B. 10 for an offense committed before the effective date of that act is 'void.' " *State v. Salser*, 10th Dist. No. 12AP-792, 2014-Ohio-87, ¶ 8, citing *State v. Lawson*, 1st Dist. No. C-120077, 2012-Ohio-5281, ¶ 18. *See also In re C.W.*, 4th Dist. No. 11CA918, 2013-Ohio-2483, ¶ 8 ("[B]ecause the juvenile court classified C.W. as a sex offender using a retroactive application of law, its sex offender classification is unconstitutional and, therefore, void."); *State v. Alsip*, 8th Dist. No. 98921, 2013-Ohio-1452, ¶ 8 ("Where a defendant whose offenses were committed prior to the effective date of the Adam Walsh Act is improperly classified under the Act in violation of *Williams*, such classification is void."); *State v. Carr*, 4th Dist. No. 11CA3256, 2012-Ohio-5425, ¶ 11 ("Because Carr committed his sex offense prior to S.B. 10's enactment, his Tier III sex offender classification under S.B. 10 violates Ohio's Retroactivity Clause and is void."); *State v. Dillon*, 5th Dist. No. CT11-0062, 2012-Ohio-773, ¶ 19 ("Based upon the Ohio Supreme Court holding in *Williams* and the analysis set forth in [*State v. Eads*, 197 Ohio App.3d 493, 2011-Ohio-6307 (2d Dist.)], we find the trial court erred in classifying Appellant a Tier III sex offender under the provisions of S.B. 10 and the Adam Walsh Act where the offenses for which Appellant was convicted occurred prior to the enactment of the legislation."); *State v. Eads*, 197 Ohio App.3d 493, 2011-Ohio-6307, ¶ 18 (2d Dist.) ("[T]he retroactive application of S.B. 10 to [persons who committed sex offenses prior to the effective date of the statute] is a nullity, and Eads's classification as a Tier III sex offender is void.").

{¶ 13} Although the record before us does not reflect precisely when appellee committed the act or acts that led to the importuning charge, they necessarily must have been committed before May 1, 2006, when the Vinton County juvenile court accepted

appellee's initial admission.  Thus, his offense was committed prior to the effective date of S.B. No. 10.  However, as outlined above, the Vinton County juvenile court did not conduct a sex offender determination and impose a classification until July 6, 2009, which was *after* the effective date of S.B. No. 10.  Appellee was similarly situated to the defendant in *Williams*, as well as those in *Salser* and other cases applying *Williams*, because he committed the offense prior to the enactment of S.B. No. 10, but was classified as a Tier I sex offender after that law went into effect.  Pursuant to *Williams* and *Salser*, the trial court did not err by concluding that appellee's Tier I sex offender classification was void.

{¶ 14} Accordingly, we overrule appellant's first assignment of error to the extent it challenges the trial court's determination that appellee's classification as a Tier I sex offender was void.  We also overrule appellant's third assignment of error.

### 2.  Validity of Failure to Notify Conviction

{¶ 15} The state further argues in the first assignment of error that the trial court erred by concluding that appellee's failure to notify conviction was void, citing this court's decision in *Salser*.  In that decision, this court observed that "Ohio appellate courts have distinguished between cases in which a defendant challenges his 'sex offender *classification*, which was void because of retroactivity, and his *conviction* for violating sex offender reporting and registration requirements, which was merely voidable, not void.' " (Emphasis sic.)  *Salser* at ¶ 11, quoting *State v. Knowles*, 2d Dist. No. 2011-CA-17, 2012-Ohio-2543, ¶ 11.  The state argues that *Salser* recognized that a challenge to a failure to notify conviction, such as the one raised in this case, is voidable rather than void.  However, *Salser* involved a motion to correct the defendant's sex offender classification, not a challenge to a conviction for failure to notify pursuant to a sex offender classification.  *Id.* at ¶ 5.  The question of whether a failure to notify conviction was void or voidable was not directly at issue in *Salser*.  Accordingly, the portion of *Salser* cited by the state is not determinative of the issue before us in the present appeal.

{¶ 16} "A void judgment is one rendered by a court lacking subject-matter jurisdiction or the authority to act." *State v. Peeks*, 10th Dist. No. 05AP-1370, 2006-Ohio-6256, ¶ 10.  "A voidable judgment, on the other hand, is a judgment rendered by a court having jurisdiction/authority and, although seemingly valid, is irregular and erroneous."

*Id.* "[I]f a trial court imposes a sentence that is unauthorized by law, the sentence is void." *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, ¶ 10. The Supreme Court's reasoning in *Billiter* is instructive to our consideration of this appeal.

{¶ 17} The defendant in *Billiter* pled guilty to aggravated burglary, a first-degree felony, and domestic violence, a fifth-degree felony, and was sentenced to 3 years in prison. *Id.* at ¶ 2. The sentencing entry imposed a mandatory term of up to a maximum term of 3 years of postrelease control; however, by statute, a first-degree felony conviction required 5 years of postrelease control. *Id.* Billiter did not appeal his conviction or sentence. *Id.* Following his release from prison, Billiter failed to comply with the terms of his postrelease control and was charged with escape. He pled guilty to the charge of escape and was sentenced to 3 years of community control. Once again, he did not appeal the sentence. *Id.* at ¶ 3. Later, after Billiter violated the terms of his community control sentence, the trial court revoked his probation and sentenced him to 6 years of imprisonment on the escape conviction. Again, he did not file a direct appeal of the judgment. *Id.* at ¶ 4. Ultimately, 12 years after the original sentence for aggravated burglary and domestic violence, and 6 years after pleading guilty to the escape charge, Billiter moved to withdraw his guilty plea to the escape charge asserting that he had never been legally placed on postrelease control and, therefore, could not be found guilty for escape. *Id.* at ¶ 6. The Supreme Court accepted the case on a certified conflict to determine whether res judicata bars a defendant from arguing that a plea was void due to a postrelease control sentencing violation when the defendant pled guilty to escape. *Id.*

{¶ 18} The Supreme Court concluded that because the trial court failed to sentence Billiter to a correct term of postrelease control following the original conviction for aggravated burglary and domestic violence, the sentence was void. *Id.* at ¶ 12. That void sentence, therefore, was insufficient to confer authority on the Ohio Adult Parole Authority to impose three years of postrelease control on Billiter. The subsequent escape charge that arose from the failure to comply with the terms of postrelease control was based on an invalid sentence. Accordingly, the court concluded the trial court lacked jurisdiction to convict Billiter on a charge of escape. *Id.*

{¶ 19} Similar to *Billiter*, in this case appellee's failure to notify conviction was based on violating an obligation that arose as a result of a void classification. As discussed

more fully below, appellee was not subject to any valid classification and, therefore, the trial court lacked authority to convict him of the charge of failure to notify, just as the trial court in *Billiter* lacked authority to convict Billiter on an escape charge. Accordingly, we overrule the state's first assignment of error to the extent that it asserts the trial court erred by concluding that appellee's failure to notify conviction was void.

## C. Determination that Res Judicata did not bar Appellee's Motion to Vacate

{¶ 20} The state argues in its second assignment of error that appellee's motion was to vacate his conviction was barred by res judicata. Res judicata bars a defendant who was represented by counsel from raising an issue in a petition for postconviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus. Although appellee did not file a direct appeal from his juvenile adjudication or his failure to notify conviction, the state claims he could have asserted the constitutional arguments that are set forth in his motion to vacate through direct appeals. The Supreme Court has held that "void sentences are not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 40. *See also State v. Boone*, 10th Dist. No. 11AP-1054, 2012-Ohio-3653, ¶ 10, quoting *State v. McGee*, 8th Dist. No. 91638, 2009-Ohio-3374, ¶ 8 ("Res judicata, however, does 'not apply to void sentences because, by definition, a void sentence means that no final judgment of conviction has been announced.' "). Because the trial court properly concluded that appellee's failure to notify conviction was void, it did not abuse its discretion by holding that his motion was not barred by res judicata.

{¶ 21} Accordingly, we overrule the second assignment of error.

## D. Determination that Guilty Plea did not bar Appellee's Motion to Vacate

{¶ 22} In its fourth assignment of error, the state argues that appellee's guilty plea to the failure to notify charge bars his motion to vacate. In effect, the state argues that the guilty plea constitutes a waiver of any challenge to appellee's conviction. As noted above, however, a void sentence "may be reviewed *at any time*, on direct appeal or by collateral attack." (Emphasis added.) *Fischer* at ¶ 40.

{¶ 23} The state also argues that appellee would have been classified as a sex offender under Megan's Law and that the sex offender classification should be deemed to have attached as a matter of law, citing *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169. Consequently, the state argues, appellee would have been subject to a ten-year registration period and his failure to provide notice of change of address in Franklin County would have supported a conviction under the applicable provisions of Megan's Law.

{¶ 24} The Supreme Court held in *Hayden* that "if a defendant has been convicted of a sexually oriented offense * * * and is neither a habitual sex offender nor a sexual predator, the sexually oriented offender designation attaches as a matter of law." *Id.* at ¶ 18. *See also State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 16 ("If a defendant has been convicted of a sexually oriented offense and the trial court determines that the offender is not a habitual sex offender or a sexual predator, then the designation of 'sexually oriented offender' attaches as a matter of law."). The defendant in *Hayden* pled guilty to attempted rape in 1984. In 1999, without conducting a hearing, the trial court classified him as a sexually oriented offender and notified him of his duty to register. *Id.* at ¶ 1. Hayden appealed the classification order, arguing that it violated his right to due process because the trial court had not conducted a hearing before issuing the classification order. *Id.* The Supreme Court held that Hayden was not statutorily entitled to a classification hearing, noting that the statutes only required a hearing to determine whether an offender was a sexual predator when certain criteria applied, which were not present in Hayden's case. *Id.* at ¶ 12. The court then further concluded that Hayden failed to establish that he was deprived of a protected liberty or property interest that would sustain a constitutional claim. *Id.* at ¶ 14.

{¶ 25} While the *Hayden* court found that the defendant in that case was not statutorily entitled to a classification hearing because certain criteria were not met, the record in this case is not sufficiently developed for us to determine whether appellee was statutorily entitled to a classification hearing under Megan's Law to determine whether he should have been classified as a sexual predator. Moreover, we note the unique facts of this case in which appellee's initial admission was withdrawn and a new admission was entered at the July 6, 2009 Vinton County juvenile court hearing. Therefore, it is unclear

whether a classification under Megan's Law could have attached by law. The Supreme Court has held that "for a defendant whose sex-offender classification was determined under Megan's Law, the penalty for a violation of the reporting requirements of former R.C. 2950.05 that occurs after Megan's Law was supplanted by [S.B. No. 10] is the penalty set forth in the version of R.C. 2950.99 in place just before the effective date of [S.B. No. 10]." *State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, ¶ 29. The court has further explained that "*Bodyke* reinstated the classifications and community-notification and registration orders imposed previously by judges." *State v. Brunning*, 134 Ohio St.3d 438, 2012-Ohio-5752, ¶ 20. In *Brunning*, the court concluded that although Brunning was indicted for violating the notification provisions of S.B. No. 10, the conduct described in the indictment also constituted a violation of the notification provisions of Megan's Law. *Id.* at ¶ 26. Accordingly, the court reversed the decision of the court of appeals vacating Brunning's conviction for violating the notification statute. *Id.* at ¶ 33. The court emphasized that "offenders originally classified under Megan's Law have a continuing duty to abide by the requirements of Megan's Law." *Id.* at ¶ 31.

{¶ 26} Unlike the defendants in *Howard* and *Brunning*, however, in this particular case there is no evidence that appellee was ever subject to a valid classification order pursuant to Megan's Law. Moreover, in this case the juvenile court vacated appellee's 2006 plea at the July 2009 hearing and permitted him to enter a new plea on the second count of the indictment. Thus, the only valid admission in appellee's juvenile proceeding was entered under S.B. No. 10, which had repealed Megan's Law. *See Bodyke* at ¶ 20 ("S.B. 10 repealed Megan's Law and replaced it with a new, retroactive scheme that includes the tier system required by Congress."). Under these circumstances, we cannot conclude that appellee was subject to the reporting requirements of Megan's Law as a matter of law without having been classified by the Vinton County juvenile court pursuant to Megan's Law and when appellee's 2006 admission was withdrawn and he was re-adjudicated in 2009 after S.B. No. 10 had gone into effect. *See State v. Alredge*, 2d Dist. No. 24755, 2012-Ohio-414, ¶ 14, *discretionary appeal not allowed*, 131 Ohio St.3d 1541, 2012-Ohio-2025 (holding that because a juvenile offender had never been classified by any court as a sexually oriented offender, habitual sex offender, or sexual predator under

Megan's Law, the registration and reporting requirements under Megan's Law did not apply to him and he could not be convicted of failing to comply with those requirements).

{¶ 27} Accordingly, on the facts of this case, we overrule the fourth assignment of error.

### E. Determination that Appellee's Motion to Vacate was not Time Barred

{¶ 28} In the fifth assignment of error, the state asserts that appellee's motion to vacate should have been rejected as an untimely petition for postconviction relief. At the time appellee filed his motion, a petition for postconviction relief was required to be filed no later than 180 days after the date the trial transcript was filed in the court of appeals in the direct appeal or, if no appeal was taken, no later than 180 days after the expiration of the time for filing the appeal. R.C. 2953.21(A)(2) (2013).[1] The trial court issued its judgment entry on appellee's failure to notify conviction on September 9, 2010. Appellee did not file a direct appeal of the judgment, and his time for filing an appeal expired after 30 days passed following the trial court's judgment. App.R. 4(A) (appeal must be filed within 30 days of judgment entry); *State v. Berry*, 10th Dist. No. 11AP-35, 2011-Ohio-3931, ¶ 8 ("To vest this court with jurisdiction over his appeal, defendant was required under App.R. 4(A) to file a notice of appeal within 30 days of the trial court's judgment."). Appellee did not file his motion to vacate until November 22, 2013, well beyond the statutory time requirements for a postconviction relief petition. However, this court has previously held that "if a trial court receives an untimely or successive petition for postconviction relief that challenges a void sentence, it must ignore the procedural irregularities, vacate the void sentence, and resentence the offender." *State v. Bankston*, 10th Dist. No. 13AP-250, 2013-Ohio-4346, ¶ 8, citing *State v. Cunningham*, 10th Dist. No. 10AP-452, 2011-Ohio-2045, ¶ 19. Because appellee's failure to notify conviction was void, the trial court did not err by not dismissing the motion as an untimely petition for postconviction relief.

{¶ 29} Accordingly, we overrule the fifth assignment of error.

---

[1] The time limit provided in R.C. 2953.21(A)(2) has subsequently been amended to 365 days after the relevant triggering event. 2014 H.B. No. 663.

## IV. Conclusion

{¶ 30} For the foregoing reasons, we overrule the state's five assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and BROWN, JJ., concur.

––––––––––––––