[Cite as *State v. Faranda*, 2011-Ohio-6083.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No.   96807

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTONIO FARANDA

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CR-531036

**BEFORE:**   Keough, J., Boyle, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   November 23, 2011

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Chief Public Defender

BY:  Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Suite 400
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:  Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Antonio Faranda ("Faranda"), appeals the trial court's decision denying his motion to withdraw his plea. For the reasons that follow, we reverse his conviction and sentence.

{¶ 2} In 2004, Faranda was found delinquent of gross sexual imposition in Cuyahoga County Juvenile Court. Based on the delinquency finding, Faranda was classified as a juvenile sexually oriented offender under Megan's Law. As a sexually oriented offender, he was required to verify his address annually for ten years, a requirement with which to date, he has complied.

{¶ 3} In July 2007, the Ohio General Assembly through S.B. 10 enacted a new sex offender law, Ohio's Adam Walsh Act ("AWA"). As a result of the AWA, Faranda was reclassified by the Ohio attorney general as a Tier II juvenile sex offender. This new classification required Faranda to verify his address every 180 days for 20 years.

{¶ 4} In 2009, Faranda was charged with violating a provision of the AWA, i.e., failure to verify his address pursuant to R.C. 2905.06(F). Faranda pled guilty to an amended charge of attempted failure to verify his address pursuant to R.C. 2923.02/2950.06, which reduced the offense to a fourth degree felony. The trial court imposed an 18 month prison term.

**{¶ 5}** Subsequently, the Ohio Supreme Court issued its decision in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, declaring that the retroactive reclassification of previously convicted sexual offenders under Ohio's AWA was unconstitutional.

**{¶ 6}** In June 2010, and two weeks after the *Bodyke* decision was rendered, Faranda filed a pro se motion to withdraw his guilty plea pursuant to Crim.R. 32.1 based on the authority of the *Bodyke* decision. The trial court took no action on Faranda's pro se motion. In April 2011, Faranda's counsel filed another motion to withdraw the guilty plea, which the trial court summarily denied without conducting a hearing as requested.

**{¶ 7}** In his sole assignment of error, Faranda contends that the trial court erred in denying his motion to withdraw his guilty plea because his conviction is predicated on an unlawful reclassification and he is actually innocent of the charge.

**{¶ 8}** The State contends that Faranda is not eligible to benefit from the *Bodyke* remedy because the juvenile court retains jurisdiction and authority to classify a juvenile under the AWA, and thus, there is no separation-of-powers violation. We disagree.

**{¶ 9}** In *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, the Ohio Supreme Court held that the AWA as applied to "*any other sex offender who committed an offense prior to the enactment of S.B. 10, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from enacting retroactive laws.*" (Emphasis added.) Id. at ¶22.

{¶ 10} This court recently addressed the same issue raised by Faranda in *State v. Mestre*, Cuyahoga App. No. 96820, 2011-Ohio-5677, and determined that because an unlawful reclassification under Ohio's AWA cannot serve as the predicate for the crime of failure to verify, the trial court erred by denying the defendant's motion to withdraw his guilty plea based on an indictment that was predicated on an unlawful reclassification. Id. at ¶6. See, also, *State v. Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192; *State v. Ortega-Martinez*, Cuyahoga App. No. 95656, 2011-Ohio-2540; *State v. Ogletree*, Cuyahoga App. No. 96438, 2011-Ohio-5846.

{¶ 11} We find no distinction between adult and juvenile defendants with respect to the Ohio Supreme Court's holding in *Williams*. In *In re Smith*, Allen App. No. 1-07-58, 2008-Ohio-3234, the Third District held that the juvenile defendant's constitutional rights were not violated when it reclassified him under Ohio's AWA. However, the Ohio Supreme Court summarily reversed the Third District's decision under the authority and application of *Williams*. See *In re D.J.S.*, 130 Ohio St.3d 257, 2011-Ohio-3374, 957 N.E.2d 291. This decision by the Ohio Supreme Court demonstrates that its holding in *Williams* is not limited to adult defendants.

{¶ 12} Accordingly, Faranda's assignment of error is sustained

Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR