[Cite as *State v. Vertock*, 2012-Ohio-4283.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97888**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## JOSEPH VERTOCK

DEFENDANT-APPELLEE

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-553860

**BEFORE:**   Stewart, J., Blackmon, A.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**   September 20, 2012

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

BY:   James M. Rice
           Daniel T. Van
Assistant County Prosecutors
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender

BY:   John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} Plaintiff-appellant state of Ohio appeals by leave, pursuant to R.C. 2945.67, from the trial court's grant of defendant-appellee Joseph Vertock's motion for acquittal on charges of failure to verify address and failure to provide notice of change of address. The state complains that the trial court erred in holding that the Adam Walsh Act could not be applied to Vertock, and erred when it concluded that Vertock was not subject to any registration requirements.   For the following reasons, we affirm.

{¶2} In April 2007, Vertock was adjudicated a delinquent child in juvenile court for rape and gross sexual imposition.  He was committed to the Department of Youth Services ("DYS") and informed by the trial court that it would hold a sex offender classification hearing prior to his release from DYS.   At the time Vertock committed his offenses, the statutory scheme in effect for the registration and classification of sex offenders was Ohio's version of Megan's Law, enacted in 1996.

{¶3} In March 2010, Vertock appeared at his sex offender classification hearing in juvenile court and was classified as a Tier III sex offender pursuant to Ohio's version of the Adam Walsh Act ("AWA"), which replaced Megan's Law and became effective in January 2008.   Pursuant to his classification, Vertock was required to register and verify his residence address with the sheriff's office every 90 days for the remainder of his life.

**{¶4}** Vertock was released and in May 2011, registered his address with the sheriff. At that time, he was instructed to again appear and register in July 2011. When Vertock failed to appear in July, the sheriff's office sent a warning letter to his registered address. After the letter was returned as undeliverable, his case was forwarded to the prosecutor's office. In August 2011, Vertock was indicted for failing to register his address on the designated reporting date and for failing to update his address. In October 2011, he arrived at the sheriff's office to register and was arrested.

**{¶5}** Vertock pleaded not guilty to the charges and a bench trial was held. After the state rested, Vertock moved the court for acquittal on both counts, pursuant to Crim.R. 29. The trial court adjourned for one week to review the cases cited in support of, and in opposition to, the motion. When the court reconvened, it found that Vertock had been unconstitutionally classified under the AWA, and granted his motion.

**{¶6}** For its first assignment of error, the state argues that the trial court erred when it determined that the AWA could not be applied to Vertock. In its second assignment of error, the state contends that the trial court erred by determining that Vertock was not subject to any registration requirements.

**{¶7}** In a criminal case, a directed verdict of acquittal by a trial court is a "final verdict" within the meaning of R.C. 2945.67(A) that cannot be appealed by the state. *State v. Keeton*, 18 Ohio St.3d 379, 381, 481 N.E.2d 629 (1985). However, the state, upon leave, may appeal "substantive law rulings made in a criminal case which results in a judgment of acquittal." *State v. Bistricky*, 51 Ohio St.3d 157, 160, 555 N.E.2d 644

(1990), syllabus; *see also* R.C. 2945.67(A). The question presented must be one that "is capable of repetition yet evading review." *Bistricky* at 158.

{¶8} The state argues that Vertock can be classified under the AWA. The state points out that the juvenile court's classification of Vertock was not a reclassification, but was instead an original classification under the current classification scheme, and therefore, the Ohio Supreme Court's decision in *State v. Bodyke,* 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, does not apply. The state also asserts that the trial court erroneously relied on the supreme court's holding in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, that involved the classification and registration requirements concerning adult sexual offenders, instead of analyzing the specific distinctions between juvenile and adult registration characteristics. The state asserts that *Williams* does not invalidate Vertock's AWA classification*,* and argues that the AWA is not punitive when applied to juvenile offenders.

{¶9} In *Williams*, the supreme court held that "2007 Am.Sub.S.B. No. 10, [the AWA] as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Id.* at syllabus. And the state concedes that it is aware of our recent decision in *State v. Faranda*, 8th Dist. No. 96807, 2011-Ohio-6083, where we found "no distinction between adult and juvenile defendants with respect to the Ohio Supreme Court's holding in *Williams*." *Id.* at ¶ 11.

{¶10} In *State v. Alredge,* 2d Dist. No. 24755, 2012-Ohio-414, Ohio's version of Megan's law was the statutory scheme in effect when the defendant was adjudicated a delinquent child. Later, when the defendant was classified as a Tier III offender, Ohio's version of the AWA was in effect. In this instance, the reviewing court noted that "the Ohio Supreme Court subsequently applied its holding in *Williams* to juvenile sex offenders whose offenses occurred prior to the enactment of S.B. 10." *Id.* at ¶ 10. The court ruled therefore that the AWA could not be applied to the defendant, but instead, his "sex offender classification must be determined based upon the former Megan's Law that was in effect at the time of the [defendant's] offense * * *." *Id.* at ¶ 11; *see also In re: D.J.S.*, 130 Ohio St.3d 257, 2011-Ohio-5342, 957 N.E.2d 291.

{¶11} Similarly, because Vertock's offenses were committed prior to the AWA's enactment, his classification as a juvenile sex offender under the AWA is in violation of *Williams*, and is therefore void. *See, e.g., State v. Eads,* 197 Ohio App.3d 493, 2011-Ohio-6307, 968 N.E.2d 18, ¶ 18 (2d Dist.).

{¶12} The state also complains that the trial court erred by determining that Vertock was not subject to any registration requirements. The state asserts that Vertock was required to register as a matter of law irrespective of whether he was classified as a sexually oriented offender pursuant to Megan's Law or as a Tier III offender under the AWA. The state opines that, at the very least, Vertock should be subject to the minimum reporting requirements required by Megan's Law.

**{¶13}** In *Eads*, after the defendant's classification under the AWA was found to be void, the court stated in pertinent part:

> we cannot conclude that [the defendant's] convictions for failing to verify his address and failing to notify the sheriff of a change of address are proper on the ground that [the defendant] would have been required to verify his address and notify the sheriff of a change of address under Megan's Law. At this juncture, [the defendant has] never been designated as a sexually oriented offender, habitual sexual offender, or sexual predator by a judge, and it is unclear what his designation would be.

*Eads* at ¶ 25.

**{¶14}** As in *Eads*, Vertock has never been properly classified. Therefore, he currently has no registration or reporting requirements. As the trial court found, there is no basis for determining any violation.

**{¶15}** Judgment affirmed.

It is ordered that appellee recover of appellant his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, JUDGE

PATRICIA ANN BLACKMON, A.J., and
EILEEN A. GALLAGHER, J., CONCUR