[Cite as *State v. Lilley*, 2013-Ohio-3616.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98905**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSHUA LILLEY

DEFENDANT-APPELLANT

### JUDGMENT:
### REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-554842

**BEFORE:** E.T. Gallagher, J., S. Gallagher, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** August 22, 2013

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square
Suite 1616
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Nathaniel Tosi
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Joshua Lilley ("Lilley"), appeals his convictions for failure to provide change of address and failure to verify address in violation of the reporting requirements of the Adam Walsh Act. We find merit to the appeal and reverse the trial court's judgment.

{¶2} On August 8, 2006, Lilley was adjudicated a delinquent child for rape in the Lake County juvenile court, and the court sentenced him to the Ohio Department of Youth Services ("ODYS") for a minimum period of one year and a maximum not to exceed the age of 21. Lilley was released from ODYS in June 2008, when he was 16 years old.

{¶3} In December 2008, the Lake County juvenile court held a sex-offender registration hearing and classified Lilley as a Tier III sex-offender under the 2007 Am.Sub.S.B. No. 10, Ohio's version of the federal Adam Walsh Act ("Adam Walsh Act"). As a Tier III sex-offender, Lilley was required to register his address with the sheriff's office in the county where he resided, every 90 days for life. Lilley returned to the ODYS briefly in 2009. Following his release later that year, Lilley moved to Cuyahoga County for approximately seven months and started registering the address of a homeless shelter where he lived, with the Cuyahoga County Sheriff's office.

{¶4} Lilley failed to complete his periodic address verification on June 10, 2010. The sheriff's office sent a letter to Lilley's last known address warning him that failure to register his address by September 5, 2011, would result in criminal charges being filed against him. Lilley failed to register his address, and a subsequent investigation revealed he no longer lived at the previously registered address.

{¶5} In October 2011, Lilley was charged with failure to register his address and failure to update his address. Lilley filed a motion to dismiss the charges, arguing that his classification under the Adam Walsh Act was unconstitutional because he committed the sex offenses before the Adam Walsh Act was enacted and retroactive application of the act violated the Ohio Constitution. The trial court denied the motion to dismiss. Lilley pleaded no contest to the charges, and the court sentenced him to community control sanctions. Lilley now appeals and raises two assignments of error.

{¶6} In the first assignment of error, Lilley argues the trial court erroneously applied the Adam Walsh Act to his alleged reporting violations, which resulted in a higher penalty than would have been provided under Megan's Law, the law in effect at the time the crimes were committed. In the second assignment of error, Lilley contends he was wrongfully convicted of violating the reporting provisions of the Adam Walsh Act because his convictions resulted from his unconstitutional classification under the Adam Walsh Act as a Tier III sex-offender. In both assigned errors, Lilley implicitly argues that the trial court erred in denying his motion to dismiss because the charges were

predicated on an unlawful sex-offender classification. We agree and discuss both of Lilley's assigned errors together because they are interrelated.

{¶7} Ohio's version of Megan's Law, Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, 2601, which was enacted in 1996 and amended in 2003 by Am.Sub.S.B. No. 5, was in effect for the classification of sex-offenders at the time Lilley was adjudicated a delinquent child in 2006. However, Lilley was classified a Tier III sex-offender in December 2008, under the Adam Walsh Act, which was enacted in 2007 and became effective on January 1, 2008. The Ohio Supreme Court has held that while Megan's Law was a remedial statute, the Adam Walsh Act is punitive in nature because it imposes stricter reporting and registration requirements, and it imposes them for a longer period of time. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 15.

{¶8} In *Williams*, the Ohio Supreme Court held that the application of the Adam Walsh Act to an adult sex-offender whose crime was committed prior to its enactment violates the Ohio Constitution, Article II, Section 28, which prohibits the General Assembly from passing retroactive laws. *State v. Williams* at ¶ 21. Nevertheless, the state asserts that Lilley was properly classified under the Adam Walsh Act because he was a juvenile at the time of his classification, and judges have more discretion in juvenile classifications than judges involved in adult classifications that are based on the level of the offense.

{¶9} In support of the state's argument, the state relies on *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729. In that case, the Ohio Supreme Court

explained that, in contrast to the adult criminal justice system, which may be punitive, the juvenile system is designed to both maintain the juvenile's privacy while rehabilitating the errant child and bring him back to productive citizenship. *Id.* at ¶ 40, 47, 54, 62, and 66. To achieve these goals, the court in *In re C.P.* stated that the juvenile court must have discretion in order to provide "individual, corrective treatment" to each juvenile offender. *Id.* at ¶ 61, quoting *In re Agler*, 19 Ohio St.2d 70, 72, 249 N.E.2d 808 (1969). Thus, the state asserts, the juvenile court may impose classifications under the Adam Walsh Act as long as the juvenile court judge has discretion to select the appropriate classification.

{¶10} However, the state ignores the crux of Lilley's argument, which is that retroactive application of the Adam Walsh Act violates the Retroactivity Clause of the Ohio Constitution. The juvenile in *In re C.P.* was not charged with a sex offense until June 26, 2009. Since the Adam Walsh Act became effective on January 1, 2008, before the juvenile was charged and adjudicated delinquent, retroactivity was not an issue in that case. *In re C.P.* involved juvenile offenders who were charged and adjudicated delinquent *after* the Adam Walsh Act went into effect.

{¶11} As previously stated in *Williams,* the Ohio Supreme Court held that the application of the Adam Walsh Act to an adult sex-offender whose crime was committed prior to its enactment violates the Retroactivity Clause of the Ohio Constitution. *Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, at ¶ 21. The Ohio Supreme Court subsequently applied its holding in *Williams* to juvenile sex-offenders

whose offenses occurred prior to the enactment of the Adam Walsh Act. *See In re: D.J.S.*, 130 Ohio St.3d 257, 2011-Ohio-5342, 957 N.E.2d 291.

{¶12} In accordance with Supreme Court precedent, this court has also held that where a juvenile defendant's offenses were committed prior to the Adam Walsh Act's enactment, his classification as a juvenile sex-offender under the Adam Walsh Act is a violation of *Williams* and is void. *State v. Vertock*, 8th Dist. Cuyahoga No. 97888, 2012-Ohio-4283, ¶ 11. The Lake County juvenile court classified Lilley as a Tier III sex-offender under the Adam Walsh Act even though he committed the offenses and was adjudicated a delinquent child under Megan's Law. Therefore, Lilley's classification as a Tier III sex-offender under the Adam Walsh Act is void and cannot serve as the predicate for failure to verify and provide change of address. *See State v. Faranda*, 8th Dist. Cuyahoga No. 96807, 2011-Ohio-6083, ¶ 10. The trial court erred in denying Lilley's motion to dismiss.

{¶13} Lilley's assignments of error are sustained.

{¶14} The trial court's judgment is reversed, and the case is remanded to the trial court to vacate Lilley's convictions.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR