[Cite as *State v. Scott*, 2023-Ohio-370.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111461 |
| v. | : | |
| JOSEPH T. SCOTT, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND VACATED
**RELEASED AND JOURNALIZED:** February 9, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-626072-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Fallon Kilbane McNally, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, Robert Blanshard McCaleb, Assistant Public Defendant, *for appellant.*

ANITA LASTER MAYS, A.J.:

{¶ 1} In this delayed appeal, defendant-appellant Joseph T. Scott ("Scott"), appeals his conviction for failure to verify address in violation of R.C. 2950.06(F), a third-degree felony. We reverse and vacate the trial court's judgment.

## I. Facts and Procedural History

{¶ 2} On July 8, 2008, in *State v. Scott*, Cuyahoga C.P. No. CR-08-505742, Scott was convicted of gross sexual imposition under R.C. 2907.05(A)(4) with a sexually violent predatory specification, and attempted rape under R.C. 2923.02 and 2907.02(A)(1)(B) of a victim under the age of thirteen.[1] The offenses were committed on September 27, 2007. On July 8, 2008, Scott was sentenced to six years on each count to run concurrently and advised of his duties to register as a Tier II and Tier III sex offender under R.C. Chapter 2950 (2007 Am.Sub.S.B. No. 10) known as the Adam Walsh Act ("AWA") that took effect on January 1, 2008.

{¶ 3} Scott's convictions were affirmed on direct appeal. *State v. Scott*, 8th Dist. Cuyahoga No. 91890, 2010-Ohio-3057 ("*Scott I*"). The Ohio Supreme Court accepted the case on the following propositions: (1) "Gross sexual imposition against a child under 13 is not a strict liability offense. The act of sexual contact must be recklessly performed." (2) "The Adam Walsh Act does not apply to persons whose offenses were committed prior to the AWAs effective date." *State v. Scott*, 127 Ohio St.3d 1444, 2010-Ohio-5762, 937 N.E.2d 1035. The case was held until decisions were rendered in two pending appeals.

---

[1] Scott was initially charged with a 17-count indictment. Seven counts related to victim 1 and ten to victim 2. Scott testified in his defense. The jury returned not guilty verdicts in two counts, acquitted in three counts, and declared a mistrial due to a hung jury on ten counts.

{¶ 4} In the meantime, this court denied Scott's application for reopening pursuant to App.R. 26 based on ineffective assistance of counsel. *State v. Scott*, 8th Dist. Cuyahoga No. 91890, 2011-Ohio-587 ("*Scott II*").

{¶ 5} The Ohio Supreme Court remanded the case for review based on the court's resolution of *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, and *State v. Dunlap*, 129 Ohio St.3d 461, 2011-Ohio-4111, 953 N.E.2d 816. *State v. Scott*, 130 Ohio St.3d 260, 2011-Ohio-5343, 957 N.E.2d 292, ¶ 1 ("*Scott III*").

{¶ 6} *Williams* held that retroactive application of AWA "to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Id.* at paragraph one of the syllabus. However, this court rejected Scott's argument that Scott was not subject to sex offender registration laws since his offense occurred between the repeal of Megan's Law and the effective date of the AWA. *State v. Scott*, 8th Dist. Cuyahoga No. 91890, 2011-Ohio-6255, ¶ 5 ("*Scott IV*").

{¶ 7} *Dunlap* determined that the mens rea for gross sexual imposition involving victims under the age of 13, R.C. 2907.05(A)(4) is "strict liability as to the defendant's knowledge of the age of the victim and a mens rea of purpose in regard to the sexual contact between the defendant and the victim." *Dunlap* at ¶ 1. This court determined that Scott's indictment for gross sexual imposition was not defective, and the jury was properly instructed. *Scott IV* at ¶ 6.

{¶ 8} The sex offender classification issue in *Scott IV* was accepted for appeal. In a December 18, 2012 decision, the Ohio Supreme Court reversed this court's opinion "on the authority of *In re Bruce S.*, 134 Ohio St.3d 477, 2012-Ohio-5696, 983 N.E.2d 350." *State v. Scott*, 135 Ohio St.3d 134, 2012-Ohio-5910, 984 N.E.2d 1055, ¶ 1 ("*Scott V*"). "[T]he cause is remanded to the trial court for the limited purpose of holding a classification hearing consistent with *In re Bruce S.*" *Id.*

{¶ 9} Scott was not reclassified as mandated by the court, which gave rise to the instant case. According to the record, upon his release from prison in February 2014, Scott registered with the Cuyahoga County Sheriff and was advised of reporting requirements. At the time, the journal entry of conviction still contained the AWA classification of Tier II sex offender for the GSI and a Tier III sex offender for the attempted rape conviction. The parties advised at oral argument that Scott was finally reclassified as a sexually oriented offender under Megan's Law at a hearing held September 22, 2022, in response to Scott's motion, and ten years after the Ohio Supreme Court's mandate.

{¶ 10} Six years after the remand directing Scott's reclassification, in an indictment filed February 20, 2018, Scott was charged with failure to verify address, a third-degree felony, under R.C. 2950.06(F). On October 6, 2019, Scott moved to dismiss the indictment as violative of Amendments V and XIV to the United States Constitutional, Article II, Sections 8, 10, and 16 of the Ohio Constitution, Crim.R. 1,

and R.C. 2921.12.[2]  Scott argued that registration under AWA did not apply by law, and he had not been reclassified as the Ohio Supreme Court directed.  The state countered that Scott was automatically classified as a sexually oriented offender under Megan's Law by operation of law and thus was properly indicted.

{¶ 11}  The issue was briefed, and a hearing ensued on October 9, 2019.  The parties stipulated for the record that:  (1) Scott was sentenced on July 7, 2008, and classified as a Tier II and Tier III sex offender under AWA; (2) Scott was released from prison in February 2014; and (3) Scott is not subject to AWA that took effect on January 1, 2008.  (Tr. 7.)

{¶ 12} The state declared that Scott was advised to complete his periodic address notification on November 29, 2017, and a letter was reportedly sent to Scott regarding his failure to report on that date.  The defense confirmed that Scott registered upon his release from prison, but Scott stated he was subsequently informed that he did not have to report.[3]  Scott said he has resided at the residence of his sister-in-law, a retired nurse, both prior to and after his prison release and did not receive notice.

---

[2] R.C. 2921.12 governs tampering with evidence and provides in pertinent part that "[n]o person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall * * * [m]ake or present or use any record, document, or thing, knowing it to be false and with purpose to mislead a public official who is or may be engaged in such proceeding or investigation, or with purpose to corrupt the outcome of any such proceeding or investigation."  R.C. 2921.12(A)(2).

[3] On June 4, 2015, this court ordered that Scott be released from postrelease control ("PRC") because the imposition was void.  *State v. Scott*, 8th Dist. Cuyahoga No. 102301, 2015-Ohio-2161 ("*Scott VI*").  Thus, Scott would have at least been advised that he no longer had to report though for PRC.

{¶ 13} Scott argued that the indictment was invalid because he was never advised of the reporting obligations under Megan's law. The state admitted Scott "was never instructed under Megan's Law regarding Megan's Law requirements." (Tr. 13.) However, the state claimed the failure to advise Scott of the Megan's Law reporting requirements "is not dispositive of this issue." *Id.* As to the impact of the remand classification directive pursuant to *In re Bruce S.,* 134 Ohio St.3d 477, 2012-Ohio-5696, 983 N.E.2d 350, the state responded that "*In re Bruce* is not dispositive of this issue, but whether Mr. Scott was informed under Megan's Law of notification requirements is also not dispositive of this issue." (Tr. 14.)

{¶ 14} The trial court inquired about the issue of notice to the defendant

[b]ecause when I have people before me, even back in 2003 when I started, before there was all of this and I would hold those sex-offender classification hearings. I still had a form and told them their obligations and told them that they were subject to potential criminal liability. They had to sign the form, and the judge had to sign the form, and that continued under Megan's Law and continued under Adam Walsh.

And I guess the State feels — the legislature feels that it is a very important thing to do because we're required to do it and file it.

So, how would a person that never received that — this is not a common thing — that people are aware that you report as a sex offender unless somebody tells you.

(Tr. 17-18.)

{¶ 15} The state responded that the real issue before the trial court was whether the indictment described a violation of Megan's Law and whether the defendant remained obligated to meet it under *State v. Brunning*, 134 Ohio St.3d

438, 2012-Ohio-5752, 983 N.E.2d 316. The state also advised that the language of R.C. 2950.06(F) has remained unchanged through Megan's Law and AWA.

{¶ 16} After supplemental briefing on the matter, the trial court accepted the state's position that reclassification was automatic and held that

> [d]efendant is not subject to sex offender registration under the Adam Walsh Act for the sex offenses he committed in 2007, but is subject to registration under Megan's Law for these offenses. This determination is consistent with the holding in *Cox v. Ohio Department of Transportation,* 67 Ohio St.2d 501, 508, 424 N.E. 2d 597 (1981), that there be no hiatus between the enactment of a new statute and its effective date in the future. *Accord*, *In re Bruce S.*, 134 Ohio St.3d 477, 2012-Ohio-5696, ¶ 8-9, and *State ex rel Grant v. Collins*, 155 Ohio St.3d 242, 2018-Ohio-4281, ¶ 9-14. This matter will proceed to trial.

Journal entry No. 110827509 (Oct. 16, 2019). Reconsideration was denied. Scott's motion to terminate registration obligations filed November 29, 2020, was denied on August 25, 2021.

{¶ 17} On January 27, 2022, Scott entered a no contest plea and was found guilty of failure to verify address R.C. 2950.06(F), a third-degree felony, as charged in the indictment. On March 2, 2022, Scott was sentenced to one and one-half years of community control on each count under the supervision of the adult probation department.

{¶ 18} On April 22, 2022, Scott filed this delayed appeal and assigned a single error for review:

> The trial court erred when it found Mr. Scott guilty of failure to register, because Mr. Scott has not been classified under Megan's Law and his Adam Walsh Act classification was reversed in 2012.

{¶ 19} Scott maintains that because his AWA classification was reversed in 2012 and he was never reclassified under Megan's Law or notified of the reporting requirements under Megan's Law, he cannot be guilty of committing a failure to report under Megan's Law. The state insists that case law supports the Megan's Law classification was automatic and the charge applies to Megan's Law and the AWA.

{¶ 20} R.C. 2905.06(F) provides:

(F) No person who is required to verify a current residence, school, institution of higher education, or place of employment address, as applicable, pursuant to divisions (A) to (C) of this section shall fail to verify a current residence, school, institution of higher education, or place of employment address, as applicable, in accordance with those divisions by the date required for the verification as set forth in division (B) of this section, provided that no person shall be prosecuted or subjected to a delinquent child proceeding for a violation of this division, and that no parent, guardian, or custodian of a delinquent child shall be prosecuted for a violation of section 2919.24 of the Revised Code based on the delinquent child's violation of this division, prior to the expiration of the period of time specified in division (G) of this section.

{¶ 21} Scott's indictment, filed February 20, 2018, lists "Count One, Failure to Verify Address — F3 R.C. 2950.06(F)" and alleges that "on or about January 10, 2018, Scott

did fail to verify a current residence, school, institution of higher education, or place of employment address and the basis of the registration, notice of intent to reside, change of address notification, or address verification requirement that was violated under the prohibition was a felony of the second degree if committed by an adult or a comparable category of offense committed in another jurisdiction, to wit: on or about July 8, 2008, in the Court of Common Pleas, Cuyahoga County, Ohio, Case No. CR-08-505742, having been convicted of the crime of Attempted Rape, in violation of Revised Code Section 2923.02/2907.02 of the State of Ohio.

{¶ 22} It is undisputed that Scott was sentenced on July 7, 2008, and classified as a Tier II and Tier III sex offender under AWA; Scott was released from prison in February 2014 and registered as an offender; Scott was classified as an AWA offender according to the sentencing court's journal entry at the time of his registration and at the time of the instant indictment; Scott "was never instructed under Megan's Law regarding — Megan's Law requirements" per the state. (Tr. 13.); Scott was not reclassified as mandated by the Ohio Supreme Court in a December 2012 decision until a decade after the mandate was issued.

{¶ 23} As the parties stipulated, the AWA does not apply. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, clearly determined that retroactive application of the AWA to offenses that occurred before the January 1, 2008 effective date was unconstitutional. *Id.* at paragraph one of the syllabus. The court observed that the AWA provisions were punitive instead of remedial as with Megan's Law.

{¶ 24} The court also pointed out that the AWA imposed "'new or additional burdens, duties, obligations, or liabilities as to a past transaction'" and created "'new burdens, new duties, new obligations, or new liabilities not existing at the time.'" *Williams* at ¶ 20, quoting *State v. Pratte*, 125 Ohio St.3d 473, 2010-Ohio-1860, 929 N.E.2d 415, ¶ 37, and *Miller v. Hixson*, 64 Ohio St.39, 51, 59 N.E. 749 (1901), respectively. *Williams* emphasized that the AWA "subjected an offender 'to additional reporting and registration requirements * * * for a longer time'" than

Megan's Law. *Id.* at ¶ 7, citing *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 24-28.

{¶ 25} *In re Bruce S.*, 134 Ohio St.3d 477, 2012-Ohio-5696, 983 N.E.2d 350, held that the AWA's "classification, registration, and community-notification provisions" could not "be constitutionally applied to a sex offender who had committed his sex offense between the July 1, 2007, repeal of Megan's Law and the January 1, 2008, effective date of [the AWA's] classification, registration." *Id.* at ¶ 1. The court based its reasoning on *Cox v. Ohio Dept. of Transp.*, 67 Ohio St.2d 501, 508, 424 N.E.2d 597 (1981), cited by the state and the trial court in the instant case. Distilled, *Cox* held there cannot be a gap between the repeal of the existing form of a statute and the effective date of the amendment of that statute. *In re Bruce S.* at ¶ 8, citing *Cox* at 509.

{¶ 26} The court did not announce that misclassified offenders were automatically reclassified. Instead, the court directed the trial court in *Scott V* to hold a classification hearing under Megan's Law. When Scott registered with the Cuyahoga County Sheriff in 2014, he was still classified as a Tier II and Tier III offender under AWA. When Scott was indicted in the instant case, he was still classified under the AWA.

{¶ 27} The state argues that reclassification under Megan's Law is automatic under *State ex rel. Grant v. Collins*, 155 Ohio St.3d 242, 2018-Ohio-4281, 120 N.E.3d 804, and *Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 252. Grant was indicted in September 1985 for aggravated murder, kidnapping, and rape

of a 17-year-old female and convicted of kidnapping and involuntary manslaughter after dismissal of the rape charge.

{¶ 28} The hearing was scheduled under the former version of R.C. 2950.09(C) that has since been repealed. Former R.C. 2950.09(C) applied to offenders who were convicted or pleaded guilty to a sexually oriented offense prior to the January 1, 1997 enactment date and sentenced after January 1, 1997, and serving a term of imprisonment for that conviction. The statute allowed the Ohio Department of Rehabilitation and Correction to recommend to the court that a hearing be conducted for a sexual predator designation.

{¶ 29} When Megan's Law became effective, the court decided Megan's Law could be applied retroactively to offenders who committed their offenses prior to the law's enactment because the law was remedial and not punitive. *Collins*, 155 Ohio St.3d 242, 2018-Ohio-4281, 120 N.E.3d 804, ¶ 7, citing *State v. Cook*, 83 Ohio St.3d 404, 412, 700 N.E.2d 570 (1998); *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, ¶ 40. Collins petitioned for a writ of prohibition. The issue was whether the trial court had jurisdiction to hold a Megan's Law sexual predator designation hearing during Grant's incarceration. *Collins* at ¶ 1.

{¶ 30} The court held that the lower court did not "patently and unambiguously lack jurisdiction" to decide the "existing factual question regarding whether Grant committed a sexually oriented offense." *Collins* at ¶ 16. "Grant has an adequate remedy by way of appeal from any erroneous exercise of that

jurisdiction." *Id.*, citing *State v. Clayborn*, 125 Ohio St.3d 450, 2010-Ohio-2123, 928 N.E.2d 1093, ¶ 16. The petition was dismissed.

{¶ 31} The court reiterated its holding in *Brunning*, 134 Ohio St.3d 438, 2012-Ohio-5752, 983 N.E.2d 316, an opinion issued December 5, 2012, almost two weeks before *In re Bruce*, that "the registration and notification provisions of Megan's Law continued to apply to offenders subject to that law." *Collins*, 155 Ohio St.3d 242, 2018-Ohio-4281, 120 N.E.3d 804, at ¶ 11, citing *Brunning* at ¶ 22. The court added that Grant's "assertion misunderstands the statute, because as we [previously] explained * * * an offender is 'automatically classified as a sexually oriented offender' upon conviction for a sexually oriented offense." *Id.* at ¶ 14, quoting *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, ¶ 15.

{¶ 32} In *Hayden*, the court held that the "Confrontation Clauses of the Sixth Amendment to the United States Constitution and of Section 10, Article I of the Ohio Constitution do not apply to R.C. Chapter 2950." *Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, paragraph one of the syllabus. The court also stated that a trial court is not required to conduct a hearing to determine whether a defendant is a sexually oriented offender "under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and of Section 16, Article I of the Ohio Constitution." *Id.* at paragraph two of the syllabus. "Instead, according to R.C. Chapter 2950, if a defendant has been convicted of a sexually oriented offense as defined in R.C. 2950.01(D), and is neither a habitual sex offender nor a

sexual predator, the sexually oriented offender designation attaches as a matter of law." *Id.*

{¶ 33} After a guilty plea to attempted rape, Hayden received a five-to-fifteen-year sentence. The trial court determined Hayden was a sexually oriented offender in 1999 based solely on the conviction and he was notified of his registration duties. The court held the constitution did not apply because R.C. Chapter 2950 under Megan's Law was civil, not punitive. *Id.* at ¶ 4, citing *State v. Cook*, 83 Ohio St.3d 404, 700 N.E.2d 570 (1998), and *State v. Williams*, 88 Ohio St.3d 513, 728 N.E.2d 342 (2000).

{¶ 34} In addition, Hayden was sentenced before January 1, 1997, for a nonviolent offense and the applicable statutory scheme provided that "the trial court 'shall' hold a hearing to determine whether the offender is a sexual predator only if certain criteria apply." Hayden did "not meet these criteria because he was sentenced before January 1, 1997, and his offense was not violent. R.C. 2950.11(B)(1) and (2)." *Id.* at ¶ 12. For that reason, Hayden was not "statutorily entitled to a classification hearing." *Id.*

{¶ 35} As Scott points out, *Hayden* is distinguishable because the trial court in Hayden journalized a sexually oriented offender classification under Megan's Law. Scott was sentenced and classified under the AWA and was not reclassified until ten years after the Ohio Supreme Court mandate. In the meantime, the AWA judgment entry remained on the docket. When Scott registered in February 2014, his registration was under AWA. It is axiomatic that "[a] court speaks through its

docket and journal entries." *State v. Deal*, 8th Dist. Cuyahoga No. 88669, 2007-Ohio-5943, ¶ 54, citing *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 47.[4]

{¶ 36} The state also relies on *Brunning*, 134 Ohio St.3d 438, 2012-Ohio-5752, 983 N.E.2d 316. Brunning was convicted for: (1) failure to verify his addresses, R.C. 2950.06; (2) failure to notify of address change, R.C. 2950.05, and (3) tampering with records, R.C. 2913.42(A).

{¶ 37} The court determined:

> [T]he legitimacy of convictions of sex offenders, originally classified under Megan's Law, who were indicted for violating the address-notification requirements of the Adam Walsh Act ("AWA") before *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, made the requirements of the AWA inapplicable to such offenders. Specifically in this case, we address whether *Bodyke* requires the vacation of convictions when the conduct at issue — a failure to provide notice of a change of residence address — was a violation of R.C. 2950.05 both as it exists under the AWA and as it existed under Megan's Law. We hold that *Bodyke* does not require the vacation of such convictions.

*Id.* at ¶ 1.[5] The court concluded that since the violation of R.C. 2950.05 was the same for Megan's Law and AWA, the convictions were valid. The court also stated that

---

[4] *See, e.g., In re Von*, 146 Ohio St.3d 448, 2016-Ohio-3020, 57 N.E.3d 1158, where the court determined that the registration termination procedure under AWA R.C. 2950.15 did not apply to offenders that committed their acts prior to January 1, 2008. Von committed the offense in Colorado in 1997 and moved to Ohio in August 2011. The court remanded the matter to the trial court to determine the Von's Megan's Law classification. *Id.* at ¶ 25.

[5] *Bodyke* severed R.C. 2950.031 and 2950.032 for violation of the separation-of-powers doctrine. The statutes required that the attorney general reclassify sex offenders under the AWA whose classifications had already been adjudicated by a court and made

"offenders originally classified under Megan's Law have a continuing duty to abide by the requirements of Megan's Law." *Id*. at ¶ 31.

{¶ 38} Scott was not originally classified under Megan's Law. Scott was originally classified under the AWA, a void classification.

{¶ 39} This court observes the state did "not contest that Brunning's conviction for failing to verify an address in violation of R.C. 2950.06 should be vacated, pursuant to [*State v.*] *Gingell*, [128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192. R.C. 2950.06]. Gingell was classified under Megan's Law as a sexually oriented offender, then improperly reclassified as a Tier III offender under the AWA. Reporting under AWA Tier III was every ninety days while under Megan's Law, reporting as a sexually oriented offender was annual.

> In *State v. Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192, this court addressed the case of a defendant who was originally classified as a sexually oriented offender under Megan's Law and who, as a reclassified Tier III sex offender, was charged with violating the AWA version of R.C. 2950.06. The AWA version of R.C. 2950.06(B)(3) contains a 90-day address-verification requirement for Tier III offenders; the Megan's Law version contained a less onerous, annual address-verification requirement for sexually oriented offenders. Former R.C. 2950.06(B)(2), 146 Ohio Laws, Part II, 2613. This court held that pursuant to *Bodyke*, the current version of R.C. 2950.06 did not apply to Gingell, because he was required to comply with Megan's Law, not the AWA. Simply put, Gingell had been indicted for violating a statutory requirement that he was not obligated to meet. Instead, "Gingell remained accountable for the yearly reporting requirement under Megan's Law * * *." *Id*. at ¶ 8.

*Brunning* at ¶ 14.

---

the subject of a final order under Megan's Law. The court "reinstated the classifications and community-notification and registration orders imposed previously by judges upon sex offenders originally classified under Megan's Law." *Boydyke* at ¶ 66.

{¶ 40} Gingell was classified as a Megan's Law offender at the time of conviction and improperly reclassified as a Tier III offender under the AWA. The reporting requirements under Megan's Law was annual while under the Tier III AWA, reporting was every ninety days; the two acts differed. In contrast, Scott was originally classified under the AWA, a void classification, and never reclassified. What *Gingell* also illuminates is that, while R.C. 2950.06(F) has remained constant, the reporting requirements vary depending on the AWA and Megan's Law classifications.

{¶ 41} Both parties cite *Alsip*, 8th Dist. Cuyahoga No. 98921, 2013-Ohio-1452, as supportive. Alsip was indicted on December 20, 2007, for offenses that occurred between April 2002 and February 2004. *Id*. at ¶ 1. He was sentenced to a four-year term for his conviction for gross sexual imposition and received a Tier II AWA classification. As Scott has done in the instant case, Alsip filed multiple challenges to the void AWA classification including a motion to vacate an unconstitutional sex offender classification, the issue on appeal.

{¶ 42} This court held that "[w]here a defendant whose offenses were committed prior to the effective date of the [AWA] is improperly classified under the Act in violation of *Williams*, such classification is void." (Citations omitted.). *Id*. at ¶ 8, citing *State v. Vertock*, 8th Dist. Cuyahoga No. 97888, 2012-Ohio-4283, ¶ 11, citing *State v. Eads*, 197 Ohio App.3d 493, 2011-Ohio-6307, 968 N.E.2d 18, ¶ 18 (2d Dist.); *State v. Lawson*, 1st Dist. Hamilton Nos. C-120077 and C-120067, 2012-Ohio-5281, ¶ 8.

{¶ 43} We determined "[c]onsistent with *Williams,* the remedy for improper classification is to remand the matter to the trial court for a classification hearing in accordance with the law in effect at the time the offense was committed." *Id.* at ¶ 10, citing *State v. Bolton*, 8th Dist. Cuyahoga No. 96385, 2012-Ohio-169, ¶ 103. Thus, this finding supports Scott's position.

{¶ 44} In *Eads*, cited in *Aslip*, the defendant was convicted of failure to verify residence under R.C. 2950.06 and failure to notify the sheriff of an address change, R.C. 2950.05. *Eads*, 197 Ohio App.3d 493, 2011-Ohio-6307, 968 N.E.2d 18 (2d Dist.). The offenses were first-degree felonies under the then current version of R.C. 2950.99, which sets forth the penalties for violations of certain provisions of R.C. Chapter 2950. Eads was adjudicated delinquent in 2008 for two counts of rape in 2006. He was notified that he would register as a Tier IIII offender. Based on *Williams,* Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, this court determined that "Eads's classification as a Tier III sex offender by the juvenile court violated Ohio's Retroactivity Clause and is void. The prosecution for Eads's failures to verify his address and notify the sheriff's office of his new address was based on that unconstitutional classification." *Id.* at ¶ 24. "As a result, Eads cannot be prosecuted for failing to verify his address and to notify the sheriff's office of his new address as a Tier III offender." *Id.*

{¶ 45} The state's argument that Eads could still be held liable because he "would have been required to verify his address and notify the sheriff of a change of address under Megan's Law" was rejected. *Id.* at ¶ 25. "At this juncture, Eads has

never been designated as a sexually oriented offender, habitual sexual offender, or sexual predator by a judge, and it is unclear what his designation would be." *Id.* "Absent a sex offender classification by the juvenile court, Eads's convictions for failing to verify his address and failing to register a change of address must be vacated." *Id.*

{¶ 46} This court has adopted the conclusion in *Eads* under similar fact situations. In *State v. Vertock*, 8th Dist. Cuyahoga No. 97888, 2012-Ohio-4283, quoting *Eads* at ¶ 25, Vertock's pre-AWA classification was void under *Williams*. *Id.* at ¶ 11, citing *Eads* at ¶ 18. "As in *Eads*, Vertock has never been properly classified. Therefore, he currently has no registration or reporting requirements. As the trial court found, there is no basis for determining any violation." *Id.* at ¶ 14. *See also State v. Lilley*, 8th Dist. Cuyahoga No. 98905, 2013-Ohio-3616, ¶ 12 ("Lilley's classification as a Tier III sex-offender under the Adam Walsh Act is void and cannot serve as the predicate for failure to verify and provide change of address.").[6]

{¶ 47} The Tenth District in *State v. Hartley*, 2016-Ohio-2854, 64 N.E.3d 472, ¶ 19 (10th Dist.), has arrived at a similar conclusion. Hartley's offense was committed prior to the AWA effective date but he was classified under the AWA in

---

[6] Currently pending before the Ohio Supreme Court is the question of whether the court's holding regarding void and voidable judgments in *State v. Henderson*, 161 Ohio St.3d 285, 162 N.E.3d 776, 2020-Ohio-4784 now supersedes this Court's holding in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108 where a convicted sex offender, whose offense occurred prior to the January 1, 2008 effective date of AWA S.B. 10, and are they now subject to the sex offender registration requirements of AWA S.B. 10 if an AWA S.B. 10 Tier classification is entered in the offender's sentencing entry. *State v Schilling,* 2022-Ohio-1773, 189 N.E.3d 405 (1st Dist.), discretionary appeal allowed *State v. Schilling*, 167 Ohio St.3d 1511, 2022-Ohio-3135, 194 N.E.3d 386.

2009, a void classification under *Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. In 2010, Hartley pleaded guilty to failure to provide notice of change of address in violation of R.C. 2950.05 but moved to vacate or for relief from judgment due to the void classification.

{¶ 48} As it does here, the state argued that Hartley's Megan's Law sex offender classification attached as a matter of law. Pertinent here, after a review of case law including *Hayden* and *Brunning*, both *supra*, the court noted that unlike the defendant in *Brunning*, "there is no evidence that [the defendant] was subject to a valid classification pursuant to Megan's Law." *Id.* at ¶ 26. The court concluded that the registration and reporting requirements of Megan's Law did not apply to *Hartley*.

{¶ 49} The state's cited cases do not involve a failure to follow the express mandate by a higher court that arguably resulted in the current conviction. "Under the 'mandate rule,' a lower court must 'carry the mandate of the upper court into execution.'" *Id.*, quoting *Sprague v. Ticonic Natl. Bank*, 307 U.S. 161, 168, 59 S.Ct. 777, 83 L.Ed. 1184 (1939). "[T]he mandate rule 'provides that a lower court on remand must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court.'" *Id.*, quoting *State v. Larkins*, 8th Dist. Cuyahoga No. 85877, 2006-Ohio-90, at ¶ 31.[7]

---

[7] "[A]bsent extraordinary circumstances, such as an intervening decision by this court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan v. Nolan*, 11 Ohio St.3d 1, 5, 462 N.E.2d 410 (1984). This case does not present an extraordinary circumstance.

{¶ 50} Had the trial court moved forward as instructed, Scott would have been reclassified and properly advised of his reporting requirements.

{¶ 51} Here, Scott was journalized, notified, and registered as an AWA offender. *Scott V*, issued ten years after *Hayden*, specifically mandated that based on its findings in *In Re Bruce S.*, 134 Ohio St.3d 477, 2012-Ohio-5696, 983 N.E.2d 350, the trial court was ordered to hold a hearing for the limited purpose of a classification hearing, arguably because the current classification was void. Again, *In re Bruce S.* declared that the AWA "classification, registration, and community-notification provisions" could not "be constitutionally applied to" Scott. *Id*. at ¶ 1.

{¶ 52} This court observes that while R.C. 2950.06(F) has remained intact through Megan's Law and AWA amendments, that is not true of other portions of R.C. 2950.06; more specifically, R.C. 2950.06(A)-(C). According to the form of the statute in effect under Megan's Law, a sexually oriented offender is required to verify on the anniversary of the offender's initial registration date while a Tier III offender reports every ninety days. Former R.C. 2950.06(B)(1).

{¶ 53} Scott's sentencing entry classified Scott as a Tier II and Tier III sex offender registrant. The reporting requirements for Tier II under AWA is "every one hundred eight days." R.C. 2950.06(B)(2). The Tier III reporting requirements are every ninety days. R.C. 2950.06(B)(3). *Id.*

{¶ 54} Thus, the indictment advises that Scott violated the periodic reporting requirements. As the state conceded at the hearing, Scott simply was not advised of the Megan's Law requirements.

{¶ 55} This case presents a unique scenario. Based on the record before this court and the specific and distinctive circumstances of this case, this court finds that the Scott's conviction for failure to register under R.C. 2950.06(F) was in error. Of great import is the *Scott V* mandate to hold a hearing for classification. The failure to hold that hearing for a decade and only upon Scott's motion, resulted in the confusion regarding status and responsibilities.

{¶ 56} The single assigned error is sustained.

{¶ 57} The judgment is reversed and the conviction is vacated.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

ANITA LASTER MAYS, ADMINISTRATIVE JUDGE

EMANUELLA D. GROVES, J., CONCURS;
EILEEN T. GALLAGHER, J., DISSENTS WITH SEPARATE OPINION

EILEEN T. GALLAGHER, J., DISSENTING:

{¶ 58} I respectfully dissent from the majority's conclusion that Scott's conviction for failure to verify his address in violation of R.C. 2950.06(F) "was in error" based on the trial court's failure to hold a classification hearing following

*State v. Scott*, 135 Ohio St.3d 134, 2012-Ohio-5910, 984 N.E.2d 1055 ("*Scott V*"). In reaching this conclusion, I recognize the plain language of the court's mandate in *Scott V*. *Id*. at ¶ 1. Furthermore, I acknowledge that Ohio courts, including the Eighth District Court of Appeals, have concluded that a defendant cannot be convicted for violating the registration requirements of Megan's Law if the defendant was never designated as a sexually oriented offender, a habitual-sexual offender, or a sexual predator by a judge. *See State v. Vertock*, 8th Dist. Cuyahoga No. 97888, 2012-Ohio-4283; *State v. Eads*, 197 Ohio App.3d 493, 2011-Ohio-6307, 968 N.E.2d 18 (2d Dist.); and *State v. Hartley*, 2016-Ohio-2854, 64 N.E.3d 472 (10th Dist.).

{¶ 59} Nevertheless, I note that Ohio courts have reached the opposite conclusion under analogous circumstances. For instance, in *State v. Wood*, 1st Dist. Hamilton No. C-120598, 2013-Ohio-2724, the First District Court of Appeals concluded that the defendant could be convicted for violating Megan Law's reporting obligations despite the court's failure to provide formal notice of the defendant's duty to register under Megan's Law. The court reasoned that once the Ohio Supreme Court determined that the Adam Walsh Act could not be applied retroactively, "[the defendant] — by operation of law — assumed the registration requirements of a 'sexually-oriented offender' under Megan's Law." *Id*. at ¶ 8, citing *State v. Brunning*, 134 Ohio St.3d 438, 2012-Ohio-5752, 983 N.E.2d 316, ¶ 19.

{¶ 60} In support of its judgment, the First District relied extensively on the Ohio Supreme Court's decision in *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-

4169, 773 N.E.2d 502. In *Hayden*, paragraph two of the syllabus, the court held that a trial court need not hold a hearing to determine if an individual convicted of a sexually oriented offense is a sexually oriented offender, because "the sexually oriented offender designation attaches as a matter of law." The court noted that once the defendant was convicted of a sexually oriented offense, he "was automatically classified as a sexually-oriented offender and therefore [was required to] register with the sheriff of the county in which he resides as prescribed by R.C. 2950.04(A)(2)." *Id.* at ¶ 15. In other words, trial courts are not required to perform any act beyond entering a judgment of conviction on a sexually oriented offense for a defendant's registration requirements under Megan's Law to arise. *See State v. Freeman*, 8th Dist. Cuyahoga No. 86740, 2006-Ohio-2583, ¶ 14, 20 ("[A]lthough the trial court should have given Freeman notice at his sentencing of his duty to report, its failure to do so does not affect his duty to register."); *see also State v. Davis*, 9th Dist. Summit No. 21077, 2002-Ohio-6461.

{¶ 61} After careful consideration, I am more persuaded by the First District's discussion in *Wood*. Given the nature of Scott's underlying convictions for gross sexual imposition and attempted rape, Scott's status as a sexually oriented offender arose by operation of law once the Ohio Supreme Court determined that the Adam Walsh Act could not be applied retroactively to him. A hearing was not required to effectuate Scott's registration requirements under Megan's Law. Under these circumstances, I would conclude that Scott could be charged and convicted for

violating the unambiguous requirements of R.C. 2950.06(F). Accordingly, I would affirm Scott's conviction in this matter.